John Walthall LEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–90–888–CR

Court of Appeals of Texas, Houston (14th Dist.).

March 14, 1991.

Discretionary Review Granted (Appellant) June 19, 1991.

Discretionary Review Granted (State) June 19, 1991.

Joel M. Androphy, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a denial of an application for writ of habeas corpus. In his application, appellant alleged that he was being illegally detained by the State because prosecution for the offenses with which he was charged was barred by the double jeopardy clauses of the United States and Texas Constitutions. After a hearing, the trial court denied appellant's application. In his sole point of error, appellant contends the charges against him should be dismissed because they are barred by double jeopardy. We affirm.

The record reflects that on May 22, 1990, appellant was involved in a traffic accident. The D.P.S. officer at the scene issued three citations to appellant for (1) driving while intoxicated; (2) unlawfully carrying a weapon; and (3) failure to control speed to avoid an accident and failure to wear a safety belt. Appellant was transported to a hospital and a blood test for intoxication was administered.

On May 27, 1990, the Harris County District Attorney's office filed two criminal informations against appellant, charging him with driving while intoxicated and unlawfully carrying a weapon. On June 14, 1990, appellant paid a $120.00 fine for failure to control speed and failure to wear a seat belt. On July 24, 1990, appellant forfeited his weapon to the State of Texas. Subsequently, appellant was taken into custody for the DWI and weapons offenses and filed his application for writ of habeas corpus.

Appellant contends the outcome of this case is controlled by the United States Supreme Court's recent decision in *Grady v. Corbin*, — U.S. —, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). In that case, Mr. Corbin was involved in a traffic accident in which the passenger of the other car was seriously injured and the driver died. Two traffic tickets were issued to Corbin for driving while intoxicated and failure to keep to the right of the median. Corbin pleaded guilty to the two tickets and punishment was assessed at a $350 fine, a $10 surcharge, and a six-month license revocation. The assistant district attorney present at the hearing on sentencing was unfamiliar with the case and was unaware that there had been a fatality. Two months later, a grand jury investigating the accident indicted Corbin for reckless manslaughter, second-degree vehicular manslaughter, criminally negligent homicide, third-degree reckless assault, and driving while intoxicated. The State identified three reckless or negligent acts on which it would rely to prove the homicide and assault charges: (1) operating a motor vehicle on a public highway in an intoxicated condition, (2) failing to keep right of the median, and (3) driving approximately 45 to 50 miles per hour in heavy rain at a speed which was unsafe for the weather and road conditions then pending. Corbin moved to dismiss the indictment on statutory and constitutional double jeopardy grounds. The trial court denied his motion and Corbin then sought a writ of prohibition barring prosecution on all counts of the indictment. The Appellate Division denied the petition but the New York Court of Appeals reversed, holding that prosecution for the driving while intoxicated offense and the two vehicular manslaughter offenses was barred by double jeopardy. The State of New York then appealed to the United States Supreme Court.

The Supreme Court reviewed the proper analysis for determining whether successive prosecutions impermissibly involve the same offense. The court held that in determining whether successive prosecutions are barred by double jeopardy, a reviewing court must first apply the test announced in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The *Blockburger* test requires a determination of whether each offense requires proof of an additional fact which the other does not. 284 U.S. at 304, 52 S.Ct. at 182. "If the application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred." *Grady*, 110 S.Ct. at 2090. However, if the subsequent prosecution survives the *Blockburger* test, the reviewing court must then determine whether the government will prove *conduct* that constitutes an offense for which the accused has already been prosecuted in order to establish an essential element of the offense charged. As the Supreme Court noted:

> the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an "actual evidence" or "same evidence" test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct.

*Id.* at 2093.

Thus, we will first apply *Blockburger* test to determine whether each of the offenses with which appellant was charged requires proof of an additional fact which the others do not. The elements of driving while intoxicated are: (1) a person (2) drives or operates (3) a motor vehicle (4) in a public place (5) while intoxicated. *Solis v. State*, 787 S.W.2d 388, 390 (Tex.Crim. App.1990). The elements of the offense of unlawfully carrying a weapon are (1) a person (2) intentionally, knowingly, or recklessly (3) carries on or about his person (4) a handgun, illegal knife, or club. TEX. PENAL CODE ANN. § 46.02(a) (Vernon 1989). The elements of the offense of failure to wear a safety belt are (1) a person at least 15 years old (2) rides in the front seat of a passenger car (3) while the car is being operated on a road, street or highway of this state (4) is occupying a seat that is equipped with a safety belt (5) and is not secured by a safety belt. TEX.REV.CIV.STAT. ANN. art. 6701d § 107C(b) (Vernon Supp. 1991). The elements of the offense of failure to control speed, or speeding, are (1) a person (2) drives a vehicle (3) on a highway (4) at a speed greater than is reasonable and prudent under the circumstances. TEX.REV.CIV.STAT.ANN. art. 6701d § 166(a) (Vernon 1977).

Applying the *Blockburger* test to these offenses, it is clear that each offense requires proof of an element the others do not. Therefore, we go to the next step and determine whether the State must prove appellant's failure to control speed and failure to wear a safety belt as essential elements of the offenses of driving while intoxicated and unlawfully carrying a weapon.

In *Grady v. Corbin*, the outcome was inevitable because the State admitted in its pleadings that it would prove the entirety of the conduct for which the accused was convicted—driving while intoxicated and failing to keep right of median—to establish essential elements of the homicide and assault offenses. 110 S.Ct. at 2094. However, unlike *Grady*, we have nothing in this case which indicates the State cannot prove the DWI and weapons offenses against appellant without proving that appellant failed to wear a seat belt and was speeding.

At the hearing on appellant's application, the assistant district attorney stated that "in this case the State would not be using any criminal conduct from a seat belt or failure to control speed offense in proving that the defendant was driving while intoxicated." After the hearing, the trial judge held that the evidence of the speeding and seat belt offenses was not a necessary element of proof of the DWI and weapons offenses. Thus, because the State intends

to prove the DWI and weapons offenses without relying on the conduct involving the seat belt or speeding offenses, double jeopardy is not raised.

Accordingly, we overrule appellant's sole point of error and affirm the denial of appellant's application for writ of habeas corpus.