**The STATE of Texas, Appellant,**

v.

**Yvette Gearde HOUTH, Appellee.**

**No. 01–90–00858–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 6, 1991.

Rehearing Overruled June 27, 1991.

Discretionary Review Granted
(Appellant) Sept. 11, 1991.

Discretionary Review Granted
(State) Sept. 11, 1991.

John B. Holmes, Jr., Harris Co. Dist. Atty., J. Harvey Hudson, Mark Font, Asst. Harris Co. Dist. Attys., *for appellant*.

Walter A. Carr, Houston, for appellee.

Before SAM BASS, DUNN and PRICE[1], JJ.

## OPINION

SAM BASS, Justice.

This is an appeal by the State from an order granting Yvette Gearde Houth's motion to dismiss an information charging her with driving while intoxicated. Appellee's motion alleged that the State's cause of action was barred by the double jeopardy clause of the United States Constitution. We reverse.

Appellee was stopped in the 7000 block of Spencer Highway by Officer Holoman who observed appellee's vehicle "cross from lane to lane" and "failed [sic] to maintain a single lane." After stopping the vehicle, Holoman found appellee to be very intoxicated. Officer Easterling, who did not witness the traffic offense, arrived on the scene after the vehicle was stopped and had appellee exit her vehicle. At that time, he observed signs of intoxication. His statement reveals that appellee "stumbled out of the vehicle" and "staggered when she walked to the rear of her vehicle." Easterling then attempted to conduct a sobriety test. He stated that appellee attempted the test, but almost fell down. Both officers had to hold her to keep her from falling down and walking into the traffic. Appellee was arrested for driving while intoxicated and transported to the Clear Lake substation. Appellee refused to take an intoxilyzer test and refused to do anything on videotape. Thereafter, appellee was charged with failing to drive in a single marked lane and with driving while intoxicated.

On June 14, 1990, appellee pled guilty to the misdemeanor charge of failing to drive in a single marked lane. All criminal sanctions and monetary fines assessed were satisfied by appellee at this time.

Prior to trial on the driving while intoxicated charge, appellee filed a motion to dismiss and plea in bar on the theory that the driving while intoxicated prosecution was barred by double jeopardy based on her prior conviction for failure to drive in a single marked lane. Appellee based her argument on the recent United States Supreme Court case of *Grady v. Corbin*, —— U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). At the hearing on appellee's motion, the State did not present any evidence but, instead, relied on the oral argument of counsel. The court, however, did have before it the statements of Officers Easterling and Holoman, which were filed in support of appellee's motion to dismiss. The trial court granted appellee's plea in bar and dismissed the driving while intoxicated charge.

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

854

In its sole point of error, the State contends that the trial court erred in holding that the State's cause of action is barred by the double jeopardy clause of the United States Constitution.

The fifth amendment provides in relevant part, "[n]o person shall be ... subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Supreme Court has observed that there are three distinct protections that flow from the double jeopardy clause: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution after conviction; and (3) protection against multiple punishments for the same offenses. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). Here, we are concerned with the second purpose under the *Pearce* protections.

In *Grady*, the Supreme Court recently reviewed the standard for determining jeopardy in the context of successive prosecutions. In that case, Corbin was involved in an automobile accident in which one person died and one was injured. He was served with two traffic citations charging him with the misdemeanor offenses of driving while intoxicated and failure to keep to the right of the median. In exchange for his guilty plea, the prosecutor, who was unaware of the injury and fatality in the case, recommended a minimum sentence. Corbin was sentenced to a fine and had his driver's license revoked for a period of six months. Two months later, a grand jury indicted Corbin, charging him with reckless manslaughter, second-degree vehicular manslaughter, criminally negligent homicide, third-degree reckless assault and driving while intoxicated. Corbin filed a motion to dismiss the indictment on double jeopardy grounds. The State stipulated to three reckless or negligent acts on which it would rely to prove the homicide and assault charges: (1) operating a motor vehicle on a public highway in an intoxicated condition; (2) failing to keep right of the median; and (3) driving at a speed too fast for the weather and road conditions. Corbin's motion to dismiss the indictment was denied by the trial court. The New York Court of Appeals reversed, holding that prosecution for the driving while intoxicated offense and the vehicular manslaughter offenses was barred by double jeopardy.

The Supreme Court held that to determine whether a subsequent prosecution is barred by double jeopardy, a two-prong test must be utilized. The reviewing court must first apply the test announced in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The *Blockburger* test requires a determination of whether each offense requires proof of an additional fact that the other does not. *Id.* at 304, 52 S.Ct. at 182. If the application of "that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease and the subsequent prosecution is barred." *Grady*, 110 S.Ct. at 2090. However, if the subsequent prosecution survives the *Blockburger* test, the reviewing court must then determine whether the State, to establish an essential element of any offense charged in the subsequent prosecution, will prove *conduct* that constitutes an offense for which the accused has already been prosecuted. *Id.* The Supreme Court stated that "[t]his is not an 'actual evidence' or 'same evidence' test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct." *Id.* at 2093.

Thus, the *Blockburger* test must first be applied to determine whether each of the offenses with which appellant was charged requires proof of an additional element which the others do not. The elements of the offense of driving while intoxicated are (1) a person (2) drives or operates (3) a motor vehicle (4) in a public place (5) while intoxicated. *Solis v. State*, 787 S.W.2d 388, 390 (Tex.Crim.App.1990); TEX.REV.CIV.STAT. ANN. art. 6701*l*-1(b) (Vernon Supp.1991). The elements of the failure to drive in a single marked lane of traffic are (1) a person (2) drives (3) a vehicle (4) on a roadway divided into two or more clearly marked lanes for traffic (5) fails to stay within a single lane and (6) moves from that lane

without ascertaining that the movement could be safely made. TEX.REV.CIV.STAT. ANN. art. 6701d, § 60(a) (Vernon 1977); *see also Hewitt v. State*, 734 S.W.2d 745 (Tex. App.—Fort Worth 1987, no pet.) (failure to keep within lane is not lesser included offense of D.W.I.).

An application of the *Blockburger* test to these offenses reveals that each offense requires proof of an element the others do not. Therefore, this Court must next determine whether the State will prove appellee's failure to maintain a single lane in order to establish a necessary element of driving while intoxicated.

In *Grady*, because the State admitted that it would prove the entirety of the conduct for which Corbin was convicted, driving while intoxicated and failing to keep right of the median, to establish essential elements of the homicide and assault offenses, the subsequent prosecution was barred by double jeopardy. 110 S.Ct. at 2094. The Supreme Court noted, that a subsequent prosecution on the homicide and assault charges would not be barred by double jeopardy if the State had intended to rely on conduct for which Corbin had not been convicted, driving too fast in heavy rain, to establish recklessness or negligence. Here, it is not necessary to prove the failure to maintain a single lane to establish a necessary element of driving while intoxicated, nor did the State inform the court that it would rely upon this conduct to establish a necessary element.

When the State does not disclose the evidence it will present to successfully prosecute a case, it is not necessary for this Court to anticipate what evidence the State will use. *Illinois v. Vitale*, 447 U.S. 410, 419, 100 S.Ct. 2260, 2266, 65 L.Ed.2d 228 (1980). Here, however, the record does contain the statements of witnesses that the State could call to prove the elements of driving while intoxicated without relying on the conduct of failure to maintain a single lane.

Officer Easterling's statement indicates that proof of intoxication does not depend on the fact that appellee failed to stay within a single marked lane. From his statement, it is evident that his testimony at trial would be that the elements of intoxication were established by his observations of appellee after she exited her vehicle. Officer Easterling's statement reveals that appellee stumbled and staggered when she walked, that she attempted a sobriety test but almost fell down, and that both officers had to hold her to keep her from falling over and walking into traffic.

It is clear from the statement given by Officer Easterling that the State can prove appellee was intoxicated without relying on her conviction for failing to stay within a marked lane. Therefore, the double jeopardy clause does not bar the prosecution for driving while intoxicated, and the trial court improperly granted appellee's motion to dismiss.

Point of error one is sustained.

The trial court's judgment is reversed, and the cause remanded.