Herbert F. HAMILTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–01156–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 5, 1991.

Dominique P. Gerard, Houston, for appellant.

James P. Hicks, Waller, Kathleen A. Hamilton, Conroe, for appellee.

Before TREVATHAN, C.J., and O'CONNOR and COHEN, JJ.

## OPINION

COHEN, Justice.

After his motion to set aside the indictment was denied, appellant pled guilty to the felony offense of driving while intoxicated (DWI). Pursuant to plea bargain terms, the trial court assessed punishment at five years imprisonment, probated for five years, and a $750.00 fine.

In appellant's sole point of error, he asserts the trial court erred in denying his motion to dismiss based on double jeopardy grounds.

Appellant was arrested on April 27, 1990 and charged with DWI and failing to drive in a single marked lane. On May 15, 1990, appellant was convicted for failure to drive in a single marked lane. On July 2, 1990, appellant was indicted for DWI. Appellant's motion to dismiss the felony, based on double jeopardy, was denied.

■ To determine whether a subsequent prosecution is barred by double jeopardy, a court must first apply the *Blockburger* test. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Traditionally, a determination is made whether each offense requires proof of an additional fact that the other does not. *Id.* at 304, 52 S.Ct. at 182. If the offenses have identical statutory elements or one is a lesser included offense of the other, subsequent prosecution is barred on double jeopardy grounds. *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 2090, 109 L.Ed.2d 548 (1990). Once *Blockburger* is satisfied, we determine whether the government must prove in the second prosecution, as an essential element of its case, conduct constituting the offense for which the accused has already been prosecuted. The Supreme Court stated in *Grady:*

> [T]he Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove *conduct that constitutes an offense* for which the defendant

has already been prosecuted. This is not an "actual evidence" or "same evidence" test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct.

*Id.* 110 S.Ct. at 2093 (emphasis added); *see also Ex parte Ramos*, 806 S.W.2d 845, 847 (Tex.Crim.App.1991).

Relying on *Grady*, appellant argues that because he has already been convicted for the offense of failing to drive in a single marked lane, he cannot now be prosecuted for DWI because both offenses involved the same conduct, i.e., driving a motor vehicle. We disagree. Although driving a vehicle is an element of both offenses, it is not criminal conduct. Double jeopardy does not bar prosecution for every offense that has a common element of any previously prosecuted offense. *Grady* does not bar multiple prosecutions simply because they arise from the same transaction. In order for the double jeopardy clause to bar this second prosecution, the conduct previously prosecuted, failing to drive in a single marked lane, must be an essential element of the crime of DWI.

■ The elements of DWI are: 1) a person 2) drives or operates 3) a motor vehicle 4) in a public place 5) while intoxicated. TEX.REV.CIV.STAT.ANN. art. 6701*l*-1(b) (Vernon Supp.1991); *Solis v. State*, 787 S.W.2d 388, 390 (Tex.Crim.App.1990). The elements of failure to drive in a single marked lane are: 1) the driver 2) of a vehicle 3) on a roadway that has been divided into two or more clearly marked lanes for traffic 4) failed to drive as nearly as practical entirely within a single lane 5) without first ascertaining that such movement could be made with safety. TEX.REV. CIV.STAT.ANN. art. 6701d, § 60(a) (Vernon 1977). Failing to drive in a single marked lane is not an element of DWI. One may be prosecuted for DWI without proving he failed to drive within marked lines, and one may be prosecuted for failure to drive within the marked lines without proving he was intoxicated. *See State v. Houth*, 810 S.W.2d 852, 854–55 (Tex.App.—Houston [1st Dist.] 1991, pet. granted) (DWI prosecution not barred by failure to drive in

single marked lane); *see also Kvetinskas v. State*, 809 S.W.2d 914, 915–16 (Tex.App.—Houston [14th Dist.] 1991, no pet.) (DWI prosecution not barred by prior speeding conviction).

Both *Houth* and *Kvetinskas* were appeals of pretrial rulings on the double jeopardy issue. Here, appellant pled guilty. The State did not prove at appellant's trial for DWI that he failed to drive within a single marked lane. The only evidence of guilt was appellant's judicial confession stipulating he committed DWI. Thus, the State did not prove the same criminal conduct against appellant in the second prosecution.

Appellant's sole point of error is overruled.

The judgment is affirmed.