**The STATE of Texas, Appellant,**

**v.**

**Manuel SANTOS, Appellee.**

**No. 05–91–00496–CR.**

Court of Appeals of Texas, Dallas.

April 6, 1992.

Discretionary Review Refused Sept. 30, 1992.

Lawrence B. Mitchell, Richard J. Corbitt, Dallas, for appellant.

Sue Korioth, Dallas, for appellee.

Before ENOCH, C.J., and PRESLAR [1] and STEPHENS [2], JJ.

OPINION

STEPHENS, Justice (Assigned).

Bringing two points of error, the State of Texas appeals the trial court's pretrial ruling granting Santos's motion to suppress evidence. Appellee was charged with driving while intoxicated. First, the State complains that the trial court erred in granting Santos's motion to suppress evidence which complained only of evidence which the State claims was legally obtained. Second, the State argues that the trial court erred in granting the motion on double jeopardy grounds because the prosecution for the offense of speeding, on which reasonable suspicion and/or probable cause to stop appellee was based, does not bar subsequent prosecution for driving while intoxicated (DWI) if the prosecution is based on evidence other than appellee's speeding. We agree with the State and, accordingly, reverse and remand the cause for further proceedings.

Appellee was observed driving at an excessive rate of speed while southbound on North Central Expressway, in Dallas, Dallas County, Texas, on July 24, 1990. The officer, after stopping appellee for the speeding violation and observing him, believed him to be intoxicated. He issued

---

1. The Honorable Stephen F. Preslar, Chief Justice, Court of Appeals, Eighth District of Texas at El Paso, Retired, sitting by assignment.

2. The Honorable Bill J. Stephens, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

him a ticket for the speeding violation and arrested him for driving while intoxicated. Appellee entered a plea of nolo contendere to the speeding violation in the Municipal Court of Dallas and was found guilty. In the DWI case, appellee filed a motion to suppress evidence on the grounds of double jeopardy. The motion to suppress was heard and granted on March 6, 1991.

The trial judge ruled that *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), controlled the case and determined that double jeopardy barred prosecution of DWI. We likewise believe that *Grady* is controlling, yet we differ with the trial court's analysis.

■■■■ The State, in this case, seeks to prosecute Santos for two separate criminal offenses arising from one criminal episode. This is permissible, provided that the proof offered in the second offense is not the same proof necessary to establish the first offense. The first offense, the one to which appellee pleaded nolo contendere, was speeding. The only proof necessary for conviction of that offense was that appellee drove a motor vehicle in excess of the legal speed limit. The second offense was DWI, and speeding is not an essential element in DWI. The trial court erred by suppressing the evidence of DWI because of its belief that the probable cause to stop could only be considered as valid in one case, the speeding case. The speeding, observed by the officer, constituted a valid reason for the officer to stop appellee. After appellee's vehicle was properly stopped, it then became evident to the officer that appellee was driving his vehicle while intoxicated.

Justice Brennan, in writing the majority opinion in *Grady*, wrote that:

> This Court held [in *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980)] that the second prosecution was not barred under the traditional *Blockburger* test because each offense "require[d] proof of a fact which the other [did] not." See *Blockburger*, 284 U.S. [299], at 304, 52 S.Ct. [180], at 182 [76 L.Ed. 306 (1932)]. Although involuntary manslaughter required proof of a death,

failure to reduce speed did not. Likewise, failure to slow was not a statutory element of involuntary manslaughter. *Vitale, supra,* at 418–419, 100 S.Ct. at 2266. Thus, the subsequent prosecution survived the *Blockburger* test.

\* \* \* \* \* \*

To determine whether a subsequent prosecution is barred by the Double Jeopardy Clause, a court must first apply the traditional *Blockburger* test. If application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred. *Brown* [*v. Ohio*, 432 U.S. 161, 166, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187 (1977)].

*Grady*, 110 S.Ct. at 2090.

Justice Brennan wrote further that a subsequent prosecution must do more than merely survive the *Blockburger* test:

> As we suggested in *Vitale*, the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an "actual evidence" or "same evidence" test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct. As we have held, the presentation of specific evidence in one trial does not forever prevent the government from introducing that same evidence in a subsequent proceeding. See *Dowling v. United States*, 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990).

*Grady*, 110 S.Ct. at 2093 (footnotes omitted).

Applying the *Blockburger* test to the case at bar, it is clear that the offenses of speeding and DWI do not have identical statutory elements, and speeding is not a lesser included offense of DWI. Furthermore, in accordance with *Vitale*, proof of speeding is not essential to prove that appellee drove while intoxicated. *See Illinois*

*v. Vitale,* 447 U.S. 410, 421, 100 S.Ct. 2260, 2267, 65 L.Ed.2d 228 (1980).

In a recent case, *State v. Marshall,* 814 S.W.2d. 789 (Tex.App.—Dallas 1991, pet. ref'd), this Court, under very similar facts, applied the *Blockburger* test and wrote extensively on the question of double jeopardy, analyzing many United States Supreme Court cases. In light of *Marshall,* it is clear that the trial court erred in granting Santos's motion to suppress.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.