The STATE of Texas, Appellant,

v.

Joe David NEFF, Appellee.

No. 08–92–00091–CR.

Court of Appeals of Texas,
El Paso.

Oct. 28, 1992.

than 72 hours or more than two years."

Mark H. Dettman, County Atty., Midland, for appellant/State.

Thomas S. Morgan, Midland, for appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal from an order granting Appellee's pretrial plea of double jeopardy in a prosecution for driving while intoxicated. In a single point or error, the State asserts that the trial court erred in holding that a prior conviction for driving in the left turn lane—not turning, barred prosecution for the offense of driving while intoxicated under the double jeopardy clause.[1] We affirm.

## I. SUMMARY OF THE EVIDENCE

On April 1, 1990, Appellee was arrested for both misdemeanor offenses of driving while intoxicated in violation of Article 6701*l*-1, Texas Revised Civil Statutes, and for driving in the left turn lane—not turning, in violation of City of Midland Code, § 10–6–7. Appellee entered a plea of no contest to the offense of driving in the left turn lane—not turning, in the Municipal Court of the City of Midland, Texas and was assessed a fine of $22.50, plus costs of court. At his trial for the misdemeanor offense of driving while intoxicated, Appellee filed a plea in bar[2], asserting that the driving while intoxicated charge was barred upon double jeopardy grounds because Appellee has previously been convicted of the traffic offense of driving in the left turn lane—not turning.[3] The State filed no written response. At an initial pretrial hearing on November 12, 1991, a certified copy of Appellee's judgment of conviction for the offense of driving in the left lane—not turning, was admitted in evidence without objection. Testimony was additionally given by Appellee to support the proposition that the ticket for driving in the left turn lane—not turning, arose out of the traffic stop for driving while intoxi-

1. *See* U.S. Const. amends. V, XIV; Tex. Const. art. I, § 14.

2. At the outset, it should be noted that the pretrial writ of habeas corpus is an appropriate remedy to review a double jeopardy claim. *Stephens v. State,* 806 S.W.2d 812, 815 (Tex.Crim. App.1990); *Ex parte Rathmell,* 717 S.W.2d 33, 34 (Tex.Crim.App.1986).

3. Appellee filed an unverified pretrial motion to bar prosecution of the instant offense on the basis of double jeopardy. The motion did not comply with Tex.Code Crim.Pro.Ann. arts. 27.05 and 27.06 (Vernon 1989). Ordinarily, when a

defendant fails to raise a double jeopardy claim by filing the requisite *verified* special plea, no error is presented to the trial court or preserved for appellate review. *E.g., Ex parte Murphy,* 669 S.W.2d 320, 322 (Tex.Crim.App.1983), *cert. denied,* 469 U.S. 823, 105 S.Ct. 99, 83 L.Ed.2d 44 (1984); *Nash v. State,* 467 S.W.2d 414, 416 (Tex. Crim.App.1971); *Dedmon v. State,* 478 S.W.2d 486, 489 (Tex.Crim.App.1972); *Lavan v. State,* 363 S.W.2d 139, 141 (Tex.Crim.App.1962). Nonetheless, we find that the prosecutor in the instant case wholly failed to object to the obvious defect in the pleading and consequently has waived any such error on review. *Crocker v. State,* 573 S.W.2d 190, 205 (Tex.Crim.App.1978).

cated. The testimonial evidence was uncontroverted insofar as the prosecution conducted no cross-examination nor presented any rebuttal evidence. At the initial pretrial hearing, Appellee's plea in bar was denied. At a subsequent pretrial hearing on March 23, 1992, Appellee reurged his plea in bar based on double jeopardy grounds as well as the prosecutor's determined representations, made in open court, which it intended to "get into the fact that [Appellee] was driving in the left turn lane is a sign of intoxication," the trial court granted Appellee's plea in bar.

The trial court made the following findings of fact and conclusions of law:

(1) the State of Texas stated in open court on March 23, 1992, which the State fully intends to prove conduct that constitutes an offense by the Defendant, for which the Defendant has already been prosecuted, to establish and [sic] essential element of the alleged offense of Driving While Intoxicated; (2) the Defendant has already been found guilty in the City of Midland Municipal Court, Midland, Texas, of Driving in Left Turn Lane—Not Turning; (3) further prosecution of the Defendant for the offense of Driving While Intoxicated, as alleged in the information, is barred under the Double Jeopardy Clause of the Fifth Amendment as set forth in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990); and, (4) Defendant's Plea in Bar should be granted.

## II. DISCUSSION

■ The constitutional prohibition against double jeopardy includes protection against a second prosecution for the same offense after conviction; however, a mere overlap in proof between two prosecutions does not establish a double jeopardy violation. *See United States v. Felix*, —— U.S. ——, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992); *Illinois v. Vitale*, 447 U.S. 410, 415, 100 S.Ct. 2260, 2264–65, 65 L.Ed.2d 228 (1980); *Ex parte Peterson*, 738 S.W.2d 688, 689 (Tex.Crim.App.1987); *State v. Remsing*, 829 S.W.2d 400, 401 (Tex.App.—Austin 1992, no pet.). Accordingly, resolution of

this case centers upon whether the offenses of driving while intoxicated and driving in the left turn lane—not turning, are the same offenses for a successive-prosecution double jeopardy analysis.

■ To determine whether a subsequent prosecution is barred by double jeopardy, a court must first apply the *Blockburger* test. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Ex parte Ramos*, 806 S.W.2d 845, 847 (Tex. Crim.App.1991). *Blockburger* provides:

The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

*Blockburger v. United States*, 284 U.S. at 304, 52 S.Ct. at 182; *Ex parte McWilliams*, 634 S.W.2d 815, 824 (Tex.Crim.App.1982), *cert. denied*, 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982). If application of the *Blockburger* test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred. *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). On the other hand, if the subsequent prosecution survives the *Blockburger* test, we must then determine whether the State, to establish an essential element of any offense charged in the subsequent prosecution, will prove conduct that constitutes an offense for which the accused has already been prosecuted. *Grady*, 495 U.S. at 520–22, 110 S.Ct. at 2093. *See Ex parte Ramos*, 806 S.W.2d at 845, 847; *State v. Edwards*, 817 S.W.2d 188 (Tex.App.—El Paso 1991, no pet.).

The elements of the offense of driving while intoxicated provide that a person commits an offense if (1) the person (2) drives or operates a motor vehicle (3) in a public place (4) while intoxicated. *Solis v. State*, 787 S.W.2d 388, 390 (Tex.Crim.App. 1990); Tex.Rev.Civ.Stat.Ann. art. 67011–1(b) (Vernon Supp.1992). The elements of the offense of driving in left turn lane—not

turning, provides that a person commits an offense if (1) the person (2) uses a continuous two-way left turn lane (3) in any manner other than the approach for and making left turns. City of Midland Code, § 10–6–7.

Each of the two offenses requires proof of an essential element not required by the other. A DWI conviction requires proof that Appellee was "intoxicated" while a conviction for driving in the left turn lane—not turning, requires proof that Appellee used a continuous two-way left turn lane in any manner other than the approach for and making left turns. Thus, application of the *Blockburger* test to these offenses clearly reveals that each offense requires proof of an element the other does not. Finding that the *Blockburger* test has been fully satisfied, we must now determine whether the State, to establish an essential element of the offense of driving while intoxicated, will prove conduct that constitutes an offense for which the accused has already been prosecuted, i.e., driving in a left turn lane and not turning. *See Grady v. Corbin*, 495 U.S. at 520–22, 110 S.Ct. at 2093.

In *Grady v. Corbin*, the prosecution conceded that it would prove the entirety of the conduct for which Corbin had been convicted, i.e., driving while intoxicated and failing to keep to the right of the median to establish essential elements of the homicide and assault offenses. As a result of such representation by the prosecution, the subsequent prosecution was barred by double jeopardy. 110 S.Ct. at 2094. Likewise, in the instant case, the prosecution curiously stated that it intended to "get into the fact that [Appellee] was driving in the left turn lane is a sign of intoxication." Intoxication is an essential element of proof in a prosecution for driving while intoxicated. *Solis v. State*, 787 S.W.2d at 390. Moreover, the trial court entered findings of fact and conclusions of law wherein it found, based upon the above representations by the prosecution, which "the State of Texas stated in open court on March 23, 1992,

which the State fully intends to prove conduct that constitutes an offense by the Defendant, for which the Defendant has already been prosecuted, to establish and [sic] essential element of the alleged offense of Driving While Intoxicated." [4]

The question of whether a prosecution for driving while intoxicated will be barred on double jeopardy grounds due to a prior traffic offense has been repeatedly addressed by the courts in our jurisdiction. In most cases, the courts have held that subsequent prosecution will not be barred insofar as the *Blockburger* and *Grady* tests have been satisfactorily met. *See State v. Santos*, 831 S.W.2d 827 (Tex. App.—Dallas 1992, no pet.) (DWI prosecution not barred by prior conviction for speeding); *State v. Remsing*, 829 S.W.2d at 400, (DWI prosecution not barred by prior conviction for failure to operate vehicle within designated lane); *Cooper v. State*, 828 S.W.2d 565 (Tex.App.—Houston [14th Dist.] 1992, no pet.) (DWI prosecution not barred by prior conviction for failure to drive in single marked lane and disregarding a police officer); *Hamilton v. State*, 820 S.W.2d 941 (Tex.App.—Houston [1st Dist.] 1991, no pet.) (DWI prosecution not barred by prior conviction for failure to drive in single marked lane); *Kvetinskas v. State*, 809 S.W.2d 914, 915–16 (Tex.App.—Houston [14th Dist] 1991, no pet.) (DWI prosecution not barred by prior conviction for speeding); *State v. Edwards*, 817 S.W.2d at 188, (DWI prosecution not barred by prior convictions for failure to yield right-of-way and leaving scene of accident); *State v. Garcia*, 810 S.W.2d 240, 241 (Tex.App.—El Paso 1991, no pet.) (DWI prosecution not barred by prior conviction for running a red light); *Butler v. State*, 816 S.W.2d 124 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd) (DWI prosecution not barred by prior conviction for speeding). Additionally, courts in our jurisdiction have held that double jeopardy protections are not violated when the prosecution concedes that it will not use any criminal

---

4. We note that the trial court's findings of fact and conclusions of law have gone unchallenged

by the prosecution in the instant case.

conduct for which the defendant has already been prosecuted or where sufficient evidence existed, independent of the conduct that constitutes an offense resulting in a prior prosecution. *See Leman v. State,* 807 S.W.2d 408 (Tex.App.—Houston [14th Dist.] 1991, pet. granted) (DWI prosecution not barred by prior conviction for failure to control speed and failure to wear seat belt where State stipulated that it would not use any criminal conduct from seat belt or failure to control speed violations to prove DWI); *Parrish v. State,* 807 S.W.2d 411 (Tex.App.—Houston [14th Dist.] 1991, pet. granted) (DWI prosecution not barred by prior conviction for speeding where State stipulated that it would not use failure to control speed to prove DWI); *State v. Houth,* 810 S.W.2d 852, 854–55 (Tex.App.—Houston [1st Dist.] 1991, pet. granted) (DWI prosecution not barred by prior conviction for failure to drive in single marked lane where proof of intoxication not dependent on fact that defendant failed to stay within a single marked lane); *Casey v. State,* 828 S.W.2d 214 (Tex.App.—Amarillo 1992, no pet.) (DWI prosecution not barred by prior conviction for driving on wrong side of road where ample evidence existed to support conviction without reliance on evidence of traffic conviction).

The introduction of relevant evidence of particular misconduct in a case is not the same thing as prosecution. *United States v. Felix,* —— U.S. at ——, 112 S.Ct. at 1383. Moreover, given particular facts and circumstances, it is within the realm of possibility that the State may seek to introduce that conduct as evidence of prior acts which may be otherwise admissible under Tex.R.Crim.Evid. § 404(b) or as probable cause to have effected a traffic stop. Nonetheless, we find that the instant case radically departs from established case law in that the prosecution clearly and unequivocally stated its intent to prove conduct that constitutes an offense for which Appellee has already been prosecuted. While we do not know whether it would be truly

necessary for the State to prove the conduct of driving in the left turn lane—not turning, to establish the essential element of intoxication in the prosecution of the driving while intoxicated offense in the instant case, we nonetheless must rely on the prosecutor's bizarre representation to the trial court that "driving in the left turn lane is a sign of intoxication." To the extent that the State of Texas is bent on utilizing Appellee's prior traffic conviction as proof of intoxication in the instant case, the State's sole point of error is overruled.[5]

Having overruled the State's sole point of error, the order of the trial court is affirmed.

---

**5.** Consistent with *Blockburger v. United States* and *Grady v. Corbin,* this holding would not bar a subsequent prosecution in the instant case for driving while intoxicated if it is established that

the State of Texas will not rely on proving the conduct for which Appellee had already been convicted as an essential element of the offense. *See State v. Garcia,* 810 S.W.2d at 240, 241.