**John LEMAN, Appellant,**

v.

**The STATE of Texas.**

No. 479–91.

Court of Criminal Appeals of Texas, En Banc.

Nov. 25, 1992.

Rehearing Denied Jan. 27, 1993.

Joel M. Androphy, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. & J. Harvey Hudson & Catherine Baen, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

---

OPINION ON APPELLANT'S AND STATE'S PETITIONS FOR DISCRETIONARY REVIEW

PER CURIAM.

This cause arises from a pretrial habeas corpus proceeding in a county criminal court at law to bar prosecutions for driving while intoxicated (DWI) and unlawfully carrying a weapon; having been previously prosecuted for failure to control speed to avoid an accident and for failure to wear a seat belt in the same criminal episode, appellant invoked *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). On a stipulated record and argument by

counsel the habeas court denied relief. The court of appeals affirmed that order. *Leman v. State,* 807 S.W.2d 408 (Tex. App.—Houston [1st Dist.] 1991).

In his petition for discretionary review (PDR) appellant presents a single ground for review: "The Court of Appeals erred in holding that Double Jeopardy is not raised by the two pending informations against appellant." Dissatisfied with the treatment of certain aspects of *Grady v. Corbin,* supra, the State also petitioned for discretionary review: "Although the Court of Appeals reached the correct result when it affirmed the trial court's order, the Court erred when it failed to correctly distinguish the 'same conduct' test recited in *Grady v. Corbin* from the 'same evidence' test which is also recited, but clearly repudiated within that same opinion." We granted both petitions under Tex.R.App.Pro. Rule 200(c)(3).

We accept factual determinations reflected in the opinion of the court of appeals, 807 S.W.2d at 409 (second and third paragraphs) and at 410–411 (penultimate paragraph), but because representations made by the State are akin to the bill of particulars pleading in *Grady v. Corbin* in the sense that disclaiming proof of all previously prosecuted conduct implies that the State will prove other unprosecuted conduct to establish its cases, we excerpt from the record to illuminate here the disclaimers specifically made by the trial prosecutor, *viz:*

"As far as the failure to control speed and the seat belt, the Corbin opinion points to conduct. The opinion basically says conduct is the key. Whether or not you're going to use the criminal conduct that was in the previous charge in a subsequent prosecution, *and in this case the State would not use any criminal conduct from a seat belt or failure to control speed offense in proving that the defendant was driving while intoxicated [or carrying a weapon]."* S.F. 18.[1]

Because we agree with the court of appeals that "the State intends to prove the DWI and weapons offenses without relying on the conduct involving the seat belt or speeding offenses," we also conclude that under the *Grady v. Corbin* test the Double Jeopardy Clause does not bar the second prosecutions. *Houth v. State,* 845 S.W.2d 853, 864–65 (Tex.Cr.App. delivered this day).

In its PDR an appellate prosecutor for the State now contends that the court of appeals "seems, nevertheless, to have relied upon the 'same evidence' test which was repudiated by ... *Grady v. Corbin,* supra." *Id.,* at 855–56. Since both the trial prosecutor and the court of appeals clearly spoke in terms of "conduct," specifically identifying it respectively as "criminal conduct from a seat belt or failure to control speed offenses" and "conduct involving the seat belt or speeding offenses," we reject the notion that the latter was using the "same evidence" test. See *Houth v. State,* supra, at 863–64.[2] The "critical in-

1. Notwithstanding those representations, in denying relief the judge of the habeas court commented about using "the same or similar *evidence* from each one of the four offenses [sic] in the upcoming two county offenses," and then explained:

"So, while I do say that we do have the *use of similar evidence,* I do not think that the *evidence itself* is a necessary element of the offer of proof of the two pending charges." S.F. 21–22. Although the court of appeals converted those comments to a "holding," *Leman,* supra, at 410, we understand its own *ratio decidendi* is that "the State intends to prove the DWI and weapons offenses *without relying on the [previously prosecuted] conduct* involving the seat belt or speeding offenses[.]" *Id.,* at 411.

All emphasis is supplied here and throughout by the writer of this opinion unless otherwise indicated.

2. In its brief, the State seems to interpret that part of the *Grady* rule looking to "conduct [the prosecution will prove] that constitutes an [already prosecuted] offense," to allow it to introduce "evidence" of one or more prior acts comprising portions of the "conduct" if those acts are "shared conduct" less than enough to constitute an element of the offense pending trial. *Id.,* at 863–64. In a slightly different context, however, the State submits the thesis is "not directly answered by the Supreme Court" and recognizes that it would require the factfinder exercise a great deal of self-discipline in performing that function, *viz:*

quiry" in *Grady* is "what conduct the State will prove[.]"

Accordingly, we affirm the judgment of the court of appeals.

BENAVIDES, Judge, concurring.

I concur in the judgment here for reasons expressed in *Houth v. State*, 845 S.W.2d 853 (Tex.Crim.App.1992) (Benavides, J., concurring). I am of the opinion that prosecutions for DWI and unlawfully carrying a weapon are not jeopardy barred on account of earlier prosecutions for failure to control speed and failure to wear a safety belt, not because the State will actually forego proof of these latter crimes in the pending cases, but rather because the State need not necessarily prove them in any case to sustain a conviction for DWI or unlawfully carrying a weapon. In short, failure to control speed and failure to wear a safety belt are extraneous offenses with respect to the alleged crimes of DWI and unlawfully carrying a weapon, not lesser included offenses of those crimes. Because I do not accept that *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), ever bars proof of previously adjudicated extraneous offenses as circumstantial evidence of a charged offense, and because I do not accept that *Corbin* ever bars prosecution of an offense because it is supported by evidence of non-

"If, by the terms of its indictment or bill of particular, the State of New York limited its prosecutorial theory in a new trial only to the single reckless act of speeding, could the prosecutor offer evidence of intoxication and weaving during the course of the trial? ... [I]t would seem that neither the holding nor its rationale would bar such evidence.... Presumably, the terms of the jury charge, however, would not permit a guilty verdict unless the jury was convinced that Corbin's speeding was, *by itself*, a sufficiently reckless act to justify a conviction for involuntary manslaughter."

Brief, at 15, n. 12 (emphasis in original).

In our view the Supreme Court came closer to providing an answer than the State believes. As Justice Scalia points out, the vice in enabling the prosecution to "rehearse its presentation of proof, thus increasing the risk of an erroneous conviction for one or more of the offenses charged," *id.*, at 518, 110 S.Ct., at 2091–2092, 109

included extraneous offenses, I concur only in the judgment of the Court.

McCORMICK, P.J., and CAMPBELL and WHITE, JJ., join.

L.Ed.2d, at 562, exists not only when the second prosecution proposes to prove *all* necessary facts of requisite conduct in the prior offense, but also when "the second prosecution seeks to prove some, rather than all of them—i.e., whenever two prosecutions each require proof of facts (or even a single fact) *common to both.*" Thus, he concludes:

"If the Court were correct that the Double Jeopardy Clause protects individuals against the necessity of twice proving (or refuting) the same *evidence,* as opposed to the necessity of twice defending against the same *charge,* then the second prosecution should be equally bad whether it contains all *or merely some of the proof* necessary for the first."

*Id.,* at 541, 110 S.Ct., at 2103, 109 L.Ed.2d, at 577 (emphasis in original).

As indicated in the text, however, given the circumstances here we need not decide this question.