**Elizabeth JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–93–258–CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 10, 1993.

Rehearing Overruled Dec. 16, 1993.

Douglas Tinker, Corpus Christi, for appellant.

Carl Lewis, Co. Atty., Laura Garza Jimenez, Asst. Co. Atty., Corpus Christi, for appellee.

Before SEERDEN, C.J., and DORSEY and YAÑEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

This is an interlocutory appeal from the denial of a writ of habeas corpus. By a single point of error, the appellant, Elizabeth Jones, contends that the trial court erred in denying her writ based on the issue of double jeopardy. We affirm.

### Factual and Procedural Background

Following a minor two-car traffic accident, appellant Jones was issued a citation for following too closely. She was found guilty in municipal court and assessed a fine of one hundred dollars. Appellant now stands charged by Information with the misdemeanor offense of driving while intoxicated (DWI) arising from the same transaction. Appellant sought a writ of habeas corpus in the court below in an attempt to bar this subsequent DWI prosecution on the grounds that it violated the double jeopardy clause of the United States Constitution (Amendments Five and Fourteen) and the analogous provi-sions of the Texas Constitution (Article I, sections 14 and 19). After a hearing, the trial court denied the writ.

### The Federal Standard

■ Appellant's claim was based on *Grady v. Corbin,* and its Texas progeny, which required an analysis of the conduct sought to be proven in the subsequent prosecution if a simple element comparison of the two offenses did not set up a jeopardy bar. *See Grady,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990); *Parrish v. State,* 851 S.W.2d 864 (Tex.Crim.App.1993); *State v. Neff,* 841 S.W.2d 68 (Tex.App.—El Paso 1992, no pet.). The Supreme Court has recently expressly overruled *Grady. United States v. Dixon,* 509 U.S. ——, ——, 113 S.Ct. 2849, 2864, 125 L.Ed.2d 556 (1993).

In successive prosecution contexts, we apply the 'same elements' test set out in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); see also *Dixon,* 509 U.S. at ——, 113 S.Ct. at ——. This test inquires whether each offense contains an element not contained in the other; if not, double jeopardy bars a successive prosecution. See *id.*

*Rice v. State,* 861 S.W.2d 925 (Tex.Crim.App. 1993); *State v. Holguin,* 861 S.W.2d 919, 920 (Tex.Crim.App.1993).

Appellant's prosecution on the DWI charge subsequent to her conviction on the following too closely citation is not barred under *Blockburger* because each offense contains an element that is not contained in the other. *See Dixon,* 509 U.S. at ——, 113 S.Ct. at 2856; *Rice,* 861 S.W.2d at 925 (burglary conviction following conviction on theft charge arising from same transaction is not barred under *Blockburger*); *Holguin,* 861 S.W.2d at 920 (prosecution for possession of marihuana not barred under *Blockburger* after conviction on possession of drug paraphernalia arising from same transaction). To obtain a conviction for the traffic violation of following too closely, the State must prove that 1) while driving a motor vehicle, 2) and following another vehicle, 3) the driver failed to "maintain an assured clear distance between the two vehicles." TEX.REV.CIV.STAT.ANN. art. 6701d, § 61(a) (Vernon 1977). The elements of DWI are 1) driving or operating a motor vehicle in a public place, 2) while intoxicated.

TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon Supp.1993). The only overlapping element in the two offenses is that the individual is driving a motor vehicle. DWI requires proof of intoxication, which is irrelevant to the citation offense. Following too closely requires proof that the driver failed to maintain an assured clear distance from the vehicle in front, which is unnecessary to the DWI charge. Appellant's DWI prosecution is clearly not barred by the federal constitutional guarantee against double jeopardy as construed in *Dixon* and recent Texas cases.

### The Texas Standard

■ In her brief, and in oral argument to this Court, appellant proposed that, while federal law might have changed, Texas law has not. She invokes the Texas Constitution, Article I, sections 14 and 19, and the Texas Code of Criminal Procedure, article 27.05. Without argument, she cites this Court to the *Parrish* and *Neff* cases, asserting that they represent the most recent interpretation of the articles she invokes in the Texas Constitution and Code of Criminal Procedure. It is clear that our system of federalism allows states to interpret provisions in their own constitutions differently than federal courts construe corresponding or even identically worded provisions in the United States Constitution, so long as the state standard does not fall below the minimum standard established by federal constitutional interpretation. *Cooper v. California,* 386 U.S. 58, 62, 87 S.Ct. 788, 791, 17 L.Ed.2d 730 (1967); *Heitman v. State,* 815 S.W.2d 681, 682 (Tex. Crim.App.1991). However, appellant's reliance on *Parrish* and *Neff,* as representative of this state's interpretation of its own constitutional and statutory double jeopardy provisions, is misplaced. Both cases, which are pre–*Dixon,* engage solely in a federal analysis of the double jeopardy claims, applying *Blockburger* and *Grady.* Neither case interprets any corresponding provisions of our Texas Constitution or Code of Criminal Procedure. Neither case cites to any authority construing Texas provisions independently of federal analysis.

■ Appellant here has presented neither argument nor authority for the proposition that Texas might continue to cling to the *Grady* rationale as an independent state ground which might bar her prosecution for DWI on double jeopardy grounds. The Texas cases since *Dixon* have applied the simple "same elements" test of *Blockburger. See Rice,* 861 S.W.2d 925; *Holguin,* 861 S.W.2d 919. In this instance, we hold that the Texas constitutional provisions regarding double jeopardy should be construed the same as the United States constitutional provisions.

Appellant's single point of error is overruled. The trial court's denial of the Writ of Habeas Corpus is AFFIRMED.