**Ex parte Eddie J. TRELOAR aka Patrick Herbert.**

**No. 50350.**

Court of Criminal Appeals of Texas.

Sept. 17, 1975.

---

Carol S. Vance, Dist. Atty. and Clyde F. DeWitt, III and Dennis Cain, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., *Austin, for the State.*

## OPINION

ONION, Presiding Judge.

This is an appeal from an order entered in the 184th District Court following a hearing on appellant's application for a writ of habeas corpus.

This is what we are able to gather from the poorly developed record before us. On May 7, 1975, the habeas corpus application was filed wherein appellant alleged he was illegally confined "by virtue of a certain indictment for fugitive warrant from the State of Mississippi." He prayed that he be discharged from such confinement or granted bail.

At a hearing on May 9, 1975, the only evidence offered by the State was through the court. The record reflects:

"THE COURT: Mark the applicantion (sic) for the writ State's Exhibit No. 1, and the return State's Exhibit No. 2, and the State offers them into evidence; and they are admitted, and the State rests.

"MR. CAIN (Assistant District Attorney): Yes, thank you."

The sworn return by the sheriff reflects that appellant is in custody by virtue of "Capias & Indictments & Governor's Warrant."

The Governor's Warrant was not introduced or otherwise identified.

Appellant's counsel testified bail had been set at $35,000 for capital murder and at $20,000 each in two robbery cases (apparently pending in Harris County).

Appellant testified he escaped from Mississippi authorities after conviction for burglary while his case was on appeal and that he could make bail in the amount of $7,000 if the court would grant him "a bond."

At the conclusion of the hearing the court denied the relief sought. His written order found the appellant was "legally held in custody."

There can be no question that if the appellant had not made bonds in the pending cases of capital murder and robbery he would be legally held in custody until such bonds were made.

This, of course, does not answer the question of whether he was legally held by virtue of some charge or conviction from Mississippi or is entitled to bail if he is being held by virtue of such charge.

From this record we are unable to determine what appellant meant by reference in his pleadings to "a certain indictment for fugitive warrant from the State

of Mississippi." The burden of proof, however, was upon the State in this proceeding to show that appellant was legally held upon this charge. The only proof offered was a sworn return which mentions a Governor's Warrant. Whether this warrant related to the offense or conviction in Mississippi or not is not revealed in this record.

 Under the state of the record before us we conclude that the State failed to sustain its burden of proof and the appellant is entitled to be discharged from confinement by virtue of any fugitive charge from Mississippi.[1]

It is so ordered.

---

1. If the State had introduced a Governor's Warrant, timely executed, showing the appellant was held by virtue thereof, a different question would have been presented. It is observed that Article 51.13, Sec. 21, Vernon's Ann.C.C.P., provides in part: ". . . Each warrant issued by the Governor shall expire and be of no force and effect when not executed within one year from the date thereof." Since it was not established a Governor's Warrant was issued as a result of any charge or conviction in Mississippi, we do not reach the question of whether he would have been entitled to bail where a Governor's Warrant has been issued. Further, we do not reach the question of the State's right to hold the appellant if there is a timely executed Governor's Warrant in proper form resulting from charges in Mississippi or another State.