**Ex parte Thomas R. RAMOS, Applicant.**

No. 71178.

Court of Criminal Appeals of Texas, En Banc.

April 10, 1991.

Thomas R. Ramos, pro se.

James S. McGrath, Dist. Atty., and R.W. Fisher, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

OVERSTREET, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. In Cause Number 46276 (hereinafter referred to as Case # 1) filed in the 252nd Judicial District Court of Jefferson County, Texas, applicant was tried and convicted of burglary of a habitation and on January 30, 1986 was sentenced by jury to 45–years incarceration in the Texas Department of Corrections.[1] In Cause Number 46754 (hereinafter referred to as Case # 2), filed in the same court, applicant plead guilty before the court to the offense of sexual assault (which was a lesser included offense of the indicted aggravated sexual assault charge) and on May 12, 1986 was sentenced to 20 years incarceration in the Texas Department of Corrections with said sentence ordered to be served concurrently with Case # 1. Applicant now claims that the conviction and sentence in Case # 2 are void because it violates his constitutional right against double jeopardy. For reasons to be stated, we deny applicant's requested relief.

In Case # 1, the indictment alleged that applicant on or about July 22, 1985 did enter a habitation owned by a specified complainant with intent to commit the felony offense of sexual assault. The indictment in Case # 2 alleged that applicant on or about July 22, 1985 did sexually assault the same complainant identified in Case # 1 by "intentionally and knowingly causing penetration ... and used force and violence such as to place said complainant in fear of imminent death and serious bodily injury." Applicant's claim is that the trial and sentencing of the facts alleged in Case # 1 barred trial on Case # 2 since the sexual assault referred to in Case # 1's indictment is one in the same as the aggravated sexual assault that makes up the primary offense of Case # 2.[2] Based upon the names and dates in the indictments, and the trial court's findings of fact and conclusions of

---

1. Now known as the Texas Department of Criminal Justice, Institutional Division.

2. For some reason, neither the State nor applicant has furnished this Court with a statement of facts. Applicant in his application has merely outlined those facts (among other things) which he deems necessary to support his claim. The State has responded with an answer generally denying all allegations in the application. The trial court's findings of fact does not appear to dispute applicant's basic factual averments. For the purposes of this opinion, we shall assume that the facts are as applicant alleges.

law, it appears to be true that the same sexual assault incident is involved in both cases. Nevertheless, we conclude that the trial and sentencing in Case #2 is not barred on double jeopardy grounds.

The Fifth Amendment to the United States Constitution, applicable to the States through the Fourteenth Amendment, states that no person shall be subject for the same offense to be twice put in jeopardy of life or limb. As simple as that provision may seem, as Chief Justice Rehnquist once stated, this clause is one of the least understood provisions of the Bill of Rights and the United States Supreme Court has done little to alleviate the confusion. *Whalen v. United States*, 445 U.S. 684, 699, 100 S.Ct. 1432, 1442, 63 L.Ed.2d 715, 728 (1980). It has also been called a "veritable Sargasso Sea which could not fail to challenge the most intrepid judicial navigator." *Albernaz v. United States*, 450 U.S. 333, 343, 101 S.Ct. 1137, 1144, 67 L.Ed.2d 275, 284 (1981). The seas involving this issue were last sailed in *Garcia v. State*, 806 S.W.2d 835 (Tex.Cr.App., 1990). The waters have been somewhat cleared with the promulgation of *Grady v. Corbin*, — U.S. —, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).

*Grady* acknowledged that the traditional so-called *"Blockburger* Test" is still the starting point in double jeopardy analysis. *Blockburger* does not prohibit successive prosecutions for the same criminal act or transaction under two criminal statutes whenever each statute requires proof of an additional fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). The method of determining whether such exists is to analyze the component elements of each of the separate offenses, and if each of the offenses requires proof of a different element then there is no *Blockburger* double jeopardy bar. How-ever, to avoid a double jeopardy bar, a subsequent prosecution must do more than merely survive the *Blockburger* test.

■ *Grady* held that the Double Jeopardy Clause bars any subsequent prosecution in which the State, to establish an essential element of the offense which is the subject of that subsequent prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct. *Grady*, 110 S.Ct. at 2093. Thus, in deciding a double jeopardy claim we must first apply the *Blockburger* test to see if the statutory elements in the abstract are the same. If they are, then the second prosecution is barred; but, if they are not, we must go one step further and look at the elements in fact. This means that we must look at the underlying conduct in question to determine whether: (1) this is conduct constituting an offense (hence, "criminal conduct"); (2) the defendant has already been prosecuted for this offense; and (3) this "criminal conduct" will be used to establish an *essential element* of the offense charged at the subsequent prosecution. Only if the conduct meets all three parts of this test will the latter prosecution be barred by double jeopardy. In this inquiry, the focus is on the conduct itself, not how the State proves the conduct.

■ Now turning to applicant's claim, clearly the *Blockburger* test does not bar the subsequent prosecution for sexual assault in Case #2. The offense of burglary of a habitation (Case #1) clearly has statutory elements not included amongst the statutory elements of sexual assault (Case #2).[3] Additionally, the offense of sexual assault (Case #2) equally clearly contains statutory elements not included amongst

---

**3.** Burglary contains elements of entry into a building not open to the public without the effective consent of the owner. These elements are of course not amongst the elements of the offense of sexual assault.

the statutory elements of burglary of a habitation (Case # 1).[4] Thus, the prosecution of Case # 2 was not barred by *Blockburger*. We now turn to the analysis mandated by *Grady*.

■ The question is whether to establish an essential element of Case # 2 (sexual assault) the State will prove conduct that constitutes an offense for which applicant has already been prosecuted. (Since this is a post-conviction application, we can look to see if the State *did* prove such conduct. The record indicates that Case # 2 was a guilty plea based upon a stipulation of evidence and judicial confession by applicant in which he swears that he is guilty of all allegations made in the indictment as well as any lesser included offenses.)

The offense for which applicant had already been prosecuted was burglary of a habitation (Case # 1). Was conduct which constituted that offense (burglary of a habitation—Case # 1) used to establish an *essential* element of the subsequent offense (sexual assault—Case # 2)? Remembering that the *Grady* Court carefully eschewed adopting a "same evidence" or "actual evidence" test,[5] we find that such was not.

*Intent* to commit sexual assault is not criminal conduct. Entering a habitation (without the owner's consent) with such intent is indeed criminal conduct; specifically, burglary of a habitation. But such was not used to establish an essential element of the subsequent offense (sexual assault). What was used to establish the essential elements of Case # 2 (sexual assault) was applicant's stipulation/judicial confession as to the lesser included offense of the indictment (excising the aggravating factors of acts and words placing the complainant in fear of imminent death and serious bodily injury). This included intentionally and knowingly sexually assaulting the named complainant by intentionally and knowingly causing the penetration of said complainant's vagina by the insertion of applicant's sexual organ without said complainant's consent. This clearly did not include any of the criminal conduct (i.e. conduct constituting an offense) for which applicant had already been prosecuted in Case # 1. Thus, the prosecution of Case # 2 was not barred by the criteria set forth in *Grady*.

To the extent that *Garcia v. State*, supra, is in conflict, it is expressly overruled.

Accordingly, we deny applicant's request for habeas corpus relief.

---

4. Sexual assault as alleged in applicant's case contains elements of penetration of a sexual organ by a sexual organ without the complainant's consent. These elements are assuredly not amongst the elements of a burglary offense.

5. *Grady*, 110 S.Ct. at 2093.