**Ex parte Alexander Deon THURMON, Appellant.**

**No. 01–91–00522–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 27, 1991.

D. Brooks Cofer, Jr., Bryan, Larry P. Urquhart, Brenham, for appellant.

Charles J. Sebesta, Jr., Caldwell, for appellee.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

## OPINION

COHEN, Justice.

Thurmon appeals from the trial court's denial of pretrial habeas corpus relief in refusing to bar a sexual assault prosecution on grounds of double jeopardy. We affirm.

On May 31, 1990, appellant drove the victim from Brazos County to Burleson County, where he sexually assaulted her. They then returned to Brazos County, where he sexually assaulted her a second time.

Appellant was indicted in Burleson County for the first assault, pursuant to TEX.PE-NAL CODE ANN. § 22.011(a)(1)(A) and (b)(1) (Vernon 1989). Appellant was later indicted for the same statutory violation in Brazos County. The Brazos County case was tried first. Appellant pled no contest, and a jury assessed punishment of 16 years confinement for the Brazos County offense. In the Brazos County trial, the State produced evidence of both crimes at the punishment stage of trial, but appellant was on trial only for the Brazos County assault. He did not appeal.

The State now seeks to prosecute appellant in Burleson County for the assault committed there. Appellant complains of a violation of his constitutional right against double jeopardy under U.S. CONST. amend. V, TEX. CONST. art. I, § 14, and TEX.CODE CRIM.P.ANN. art. 1.10 (Vernon 1989). He contends the two acts comprised a single offense, and thus, a second trial is prohibited. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076–77, 23 L.Ed.2d 656 (1969). The State contends the two acts were separate and independent offenses. Thus, both may be prosecuted. We agree.

The leading cases are *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), and *Ex parte Ramos*, 806 S.W.2d 845 (Tex.Crim.App.1991). They impose two tests, and the State must satisfy both in order to prosecute appellant again.

The first is *"Blockburger* Test." [1] It requires comparison of the elements of the two separate offenses. If the elements are different, the second prosecution is not barred. *Grady,* 110 S.Ct. at 2090; *Ramos,* 806 S.W.2d at 847. The two indictments here allege almost identical elements of sexual assault,[2] but each act occurred in a different county. The evidence at the habeas hearing shows two assaults at different times and in different counties. Thus, the elements are not the same.

Second, the State must show that, in order to prevail in the second prosecution, it will not have to prove conduct by appellant that constitutes the same offense for which he was previously tried. *Grady,* 110 S.Ct. at 2093; *Ramos,* 806 S.W.2d at 847. The issue is what conduct the State will prove, not what evidence the State will use to prove that conduct. Presenting evidence in one trial does not always prevent the government from presenting the same evidence again in a subsequent proceeding. *Grady,* 110 S.Ct. at 2093; *Dowling v. United States,* 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990).

*Ramos* requires us to decide whether: 1) the actual conduct constitutes an offense, or is "criminal conduct"; 2) the defendant has already been prosecuted for this offense; and 3) if this "criminal conduct" will be used to establish an essential element of the offense charged in the subsequent prosecution. *Ramos,* 806 S.W.2d at 847. The Brazos County offense is plainly criminal conduct for which appellant has been prosecuted. Thus, only the third point is in dispute.

The Burleson County prosecution will require proof of different conduct by appellant. Proof of the Burleson County sexual assault will not require proof of the Brazos County offense. Thus, the criminal conduct the State must prove in the subsequent prosecution is different from that which was necessary to obtain the first conviction.

1. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

2. The Burleson County indictment alleged an offense under Tex.Penal Code Ann. § 22.-

The carving doctrine was abolished in this State in order to allow multiple prosecutions under facts like these. *Ex parte McWilliams,* 634 S.W.2d 815, 823 (Tex. Crim.App.1982) (op. on reh'g). Even before its demise, multiple prosecutions were allowed in similar circumstances in *Douthit v. State,* 482 S.W.2d 155 (Tex.Crim.App. 1972) (prosecution for assault with intent to rape in Travis County not barred by acquittal for rape in Williamson County). The same result has been reached on even closer facts in *Hughes v. State,* 673 S.W.2d 654, 656–57 (Tex.App.—Austin 1984), *pet. ref'd per curiam,* 692 S.W.2d 64 (Tex.Crim. App.1985) (successive prosecutions allowed for multiple aggravated rapes of same victim in two counties in same evening). The same result was reached in *Blockburger* (multiple prosecutions allowed for repeated drug sales to same buyer in continuing course of conduct). The same result should be reached here.

We hold the Burleson County prosecution is not barred by double jeopardy.

The order denying habeas corpus relief is affirmed.

011(a)(1)(A) and (b)(1), while the Brazos County indictment alleged an additional element of the complainant's mental state under section 22.-011(b)(2).