The STATE of Texas, Appellant,

v.

James Louis JURESKI, Appellee.

No. 12–90–00286–CR.

Court of Appeals of Texas,
Tyler.

Dec. 3, 1991.

Amy Blalock, Tyler, for appellant.

Harry Haigler, Chandler and F.R. Files, Tyler, for appellee.

BILL BASS, Justice.

The opinion of this Court delivered on November 4, 1991 is hereby withdrawn and this opinion is substituted therefor.

The State appeals from an order dismissing a DWI charge against Defendant Jureski. In a pre-trial hearing, the trial court found that the DWI prosecution was barred by the constitutional protections against double jeopardy. This appeal requires this Court to determine whether the double jeopardy clause prevents the prosecution of a DWI offense subsequent to a conviction of a traffic offense arising out of the same incident. Since the Defendant failed to meet his burden in support of his plea of double jeopardy, we hold that in this case double jeopardy does not preclude the subsequent prosecution. Accordingly, we will reverse the trial court's order and remand.

The Defendant, a 17 year-old high school student, was stopped and charged with exhibition of acceleration. Additionally, police officers arrested Jureski and charged him with driving while intoxicated. After pleading guilty and paying the fine for the exhibition of acceleration offense, Jureski moved to dismiss the DWI information and complaint via a special plea of double jeopardy. Relying on the then-recently-decided case of *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), the Defendant maintained that the State could not proceed with the prosecution of the second offense, DWI, because the State would have to prove conduct already used in the conviction of the first offense, exhibition of acceleration.

At the pre-trial hearing, the court inquired of the State's prosecutor as to what conduct the State would use, other than exhibition of acceleration, to prove the DWI offense. The State's prosecutor admitted that he did not know what the State would use to prosecute Jureski for DWI because the prosecutor had not yet spoken with the arresting officer. The trial judge, therefore, granted the double jeopardy motion and dismissed the DWI charges against Jureski.

The only issue to decide is whether the double jeopardy clause, as defined in *Grady v. Corbin*, forecloses the subsequent prosecution of Jureski following his conviction of exhibition of acceleration. In *Grady*, Defendant Corbin pled guilty to two misdemeanors: DWI and failing to keep to the right of the median. Subsequently, Corbin was charged with reckless manslaughter, criminally negligent homicide, and reckless assault for the death and injuries to others caused by the Corbin's vehicle. The New York State prosecutor filed a bill of particulars, identifying the three reckless or negligent acts on which he would rely to prove the homicide and assault charges: (1) operating a motor vehicle on a public highway in an intoxicated condition, (2) failing to keep right of the median, and (3) driving too fast for the weather and road conditions. *Id.* 110 S.Ct. at 2089.

The United States Supreme Court, in holding that the double jeopardy clause barred prosecution of the second offenses, first applied the traditional *Blockburger* test to determine whether each offense "require[d] proof of a fact which the other [did] not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). If not, then the second offense could not be prosecuted because the offenses would have identical statutory elements or one would be a lesser included offense of the other. The Court found that Corbin's subsequent prosecution survived the *Blockburger* analysis since each offense had at least one unique element. *Id.* 110 S.Ct. at 2094. The Court then went on to the next step of the analysis. The Court held that double jeopardy also bars "any subsequent prosecution in which the

government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Id.* at 2093. Since the prosecutor had made it clear in the bill of particulars what conduct it would rely on for the subsequent convictions, it was easy for the Court to find that the charges against Corbin must be dismissed. *Id.* at 2094. Two of the three items in the bill of particulars were conduct that constituted offenses for which Corbin had already been prosecuted.

We first note that the applicable offenses before us also survive the *Blockburger* test. The elements of DWI are: (1) driving a motor vehicle, (2) while intoxicated, (3) upon a public road, highway, street, or alley. TEX.REV.CIV.STAT.ANN. art. 6701*l*–1. The elements of exhibition of acceleration are: (1) driving a motor vehicle, (2) in an exhibition of speed or acceleration. TEX. REV.CIV.STAT.ANN. art. 6701d § 185. Each offense requires the proof of a fact that the other does not.

Next, we must proceed to apply the new test as set out in *Grady v. Corbin.* Under the *Grady* analysis, the trial court was required to determine whether the State intended to "prove conduct that constitutes an offense for which [Jureski] has already been prosecuted." *Grady*, 110 S.Ct. at 2093. In other words, if the State was going to rely on conduct in the DWI trial that would constitute the offense of exhibition of acceleration, then the trial court would have been correct in dismissing the DWI charges on double jeopardy grounds.

Unlike *Grady*, the trial court did not have the luxury of a bill of particulars that set out clearly on what conduct the State intended to rely to prosecute Jureski for DWI. In a *Grady* dissent, Justice Scalia recognized the difficulty in implementing the new test pre-trial: "the Court's 'proof-of-same-conduct' test will be implementable before trial only if the indictment happens to show that the same evidence is at issue, or only if the jurisdiction's rules of criminal procedure happen to require the prosecution to submit a bill of particulars that

cannot be exceeded. More often than not, in other words, the Court's test will not succeed in preventing the defendant from being tried twice." *Id.* at 2098, (Scalia, J., dissenting).

In response to Justice Scalia's reservations, the majority noted that current procedures in all nine federal circuits would allow the implementation of the test. *Id.* at 2094, fn. 14. "When a defendant puts double jeopardy in issue with a non-frivolous showing that an indictment charges him with an offense for which he was formerly placed in jeopardy, the burden shifts to the government to establish that there were in fact two separate offenses." *Id.*, quoting, *United States v. Ragins*, 840 F.2d 1184, 1192 (4th Cir.1988). Likewise, Texas courts have traditionally placed the burden on the Defendant "to go forward with evidence in support of his plea of former jeopardy." *State v. Torres*, 805 S.W.2d 418 (Tex.Cr.App.1991), *citing*, *Anderson v. State*, 635 S.W.2d 722, 725 (Tex.Cr.App.1982). Clearly, the Defendant would have the burden to prove that the State, in the second trial, would rely on evidence of conduct that constitutes an offense for which the Defendant had already been prosecuted. What is not clear is *how* the Defendant would go about proving what conduct a prosecutor will use to prove an essential element of his case.

In the case at bar, the only certainty that surfaced from the pre-trial hearing was that the prosecutor did not know what conduct he would use to prove the DWI charge against Jureski. Neither the Defendant nor the State called the arresting officer to testify as to the events surrounding Jureski's arrest. Had the officer testified, it may have been more apparent whether he arrested Jureski for DWI solely because of the exhibition of acceleration or for independent reasons. Because the Defendant failed to show that the State would necessarily rely on Jureski's exhibition of acceleration conduct in order to establish an essential element of the DWI charge, we must reverse the trial court's order.

The judgment of the trial court is reversed and the cause remanded.