**Michael Andrea RICE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–91–021 CR.**

Court of Appeals of Texas,
Beaumont.

June 10, 1992.

Discretionary Review Granted
Sept. 23, 1992.

Steve Hebert, Steve Hebert and Associates, Baytown, for appellant.

Michael R. Little, Dist. Atty., Anne Streit, Asst. Dist. Atty., Liberty, for the state.

Before WALKER, C.J., and
BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

A jury convicted appellant of burglary with intent to commit theft. The jury also found appellant to be an habitual offender and sentenced him to 99 years in the Institutional Division of the Texas Department of Criminal Justice. Appellant urges a single point of error.

The point alleges the burglary conviction is void because of double jeopardy. Appellant previously plead guilty and was convicted of theft. The information in that case alleged, in pertinent part: "[K]nowingly and intentionally appropriate property, by acquiring and exercising control over

property, to-wit: Radio Stereo, Stamps and Holder, Box of Pens, Calculator, Money Orders, Traveler's Express, Personal Check ... without the effective consent of the owner [Luman Cox]...."

The theft conviction was predicated on a stipulation of evidence signed by appellant. It read, in pertinent part:

On the 18th day of May A.D., 1990, in Liberty County, Texas, I did then and there knowingly and intentionally appropriate property, by acquiring and exercising control over property, to-wit: Radio Stereo, Stamps and Holder, Box of Pens, Calculator, Money Orders, Traveler's Express, Personal Check # 2714, Ice Pick, Envelopes and Paper, Business Cards, One Can Beanee Weenee, One Coke, of the value of Two Hundred Dollars ($200.00) or more but less than Seven Hundred and Fifty Dollars (750.00) [sic], from Luman Cox, the owner thereof, without the effective consent of the owner and with the intent to deprive the owner of said property, ....

In this case, the indictment alleged, in pertinent part: "... intentionally and knowingly, without the effective consent of Luman Cox, the owner thereof, enter a building not then and there open to the public with the intent to commit theft...." *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990) and *Ex parte Ramos*, 806 S.W.2d 845 (Tex.Crim.App.1991) are the controlling authorities. They set up a "same conduct" test, not a "same evidence" test in analyzing double jeopardy questions. *See Ex parte Thurmon*, 822 S.W.2d 170 (Tex.App.—Houston [1st Dist.] 1991, no pet.). While the evidence in both cases was similar[1], the criminal conduct proved in the burglary prosecution was different from that proved in the theft prosecution.

In *Grady*, 495 U.S. at 523, 110 S.Ct. at 2094, 109 L.Ed.2d at 565–566, Mr. Justice Brennan stated:

By its own pleadings, the State has admitted that it will prove the entirety of

the conduct for which Corbin was convicted—driving while intoxicated and failing to keep right of the median—to establish essential elements of the homicide and assault offenses. Therefore, the Double Jeopardy Clause bars this successive prosecution....

In this case, as in *Ramos*, we need not look to what the state will prove, but what they did prove. Since the state did not prove the entirety of the conduct for which Rice was previously convicted, neither *Grady* nor *Ramos* bar the subsequent burglary prosecution and conviction. Therefore, the judgment is affirmed.

AFFIRMED.

BROOKSHIRE, Justice, dissenting.

I respectfully dissent. The Appellant in late October 1990, following a trial by jury, was found guilty and was convicted of the felony offense of burglary with intent to commit theft. The jury in effect found that the Appellant did then and there intentionally and knowingly without the effective consent of one Luman Cox, the owner of the building and the complainant, enter the building, not then and there open to the public, with the intent to commit the offense of theft. Thereafter, the jury considering the enhancement charges found the Appellant to be a habitual offender and sentenced the Appellant to 99 years in the Institutional Division of the Texas Department of Criminal Justice.

The Appellant brings forth one and only one point of error. The point of error reads: "Appellant's conviction is void and null because it amounted to double jeopardy in violation of the Fifth Amendment to the United States Constitution."

The Appellant maintains that the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution sets out in its most relevant and controlling part that: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb".

---

1. The evidence was not identical because the state in the burglary trial did not prove the value of the items taken or that they were taken

without the effective consent of the owner; essential elements of a theft case.

I conclude that the State proved up the offense of burglary of a building with the intent to commit theft by ample and sufficient evidence and testimony of strong probative force and high evaluation. Appellant does not attack the sufficiency of the evidence.

The indictment was amended upon motion and set forth an enhancement count or paragraph. The indictment also set forth three paragraphs denominated as "habitual count". I point out and stress the Appellant's point of error number one is based on a violation of the Fifth Amendment to the Federal Constitution. The Appellant presents and maintains that to be considered in this appeal is the fact that the Appellant on June 13, 1990, having been duly arraigned, entered a prior plea of guilty to the offense of theft arising out of and being the same occurrence in the felony indictment. The charging instrument concerning the theft spelled out in part that the Appellant in the county court at law:

"[K]nowingly and intentionally appropriate property, by acquiring and exercising control over property, to-wit: Radio Stereo, Stamps and Holder, Box of Pens, Calculator, Money Orders, Traveler's Express, Personal Check ... without the effective consent of the owner [Luman Cox]...."

The Appellant also demonstrates that the theft pertains to the property taken from Mr. Luman Cox's bus station, being the building in question. The first jeopardy was a misdemeanor charge by information in the county court at law. The Appellant argues that five months later the State indicted and tried the Appellant for the burglary of a building with the intent to commit theft, being a felony in the district court of Liberty County. The building was in Liberty County.

The Appellant argues that as a basis for its burglary of the building indictment the State necessarily used and relied on. the same facts, information and conduct as it did in the theft offense. The Appellant had previously pleaded guilty to the misdemeanor theft offense. Appellant sums up in this manner: "In essence, the burglary charge could not have survived without the theft offense." I think that it is a fair and balanced statement that the Appellant relies mainly on *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990); *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *May v. State*, 726 S.W.2d 573 (Tex.Crim.App.1987).

The evidence in the burglary of the building felony case does demonstrate that the articles alleged to have been stolen in the theft offense were virtually the same or identical to those in the burglary of a building offense. In fact, in the record there is a "STIPULATION OF EVIDENCE" in cause number 44111, County Court at Law in and for Liberty County, wherein Michael Rice swore to the following:

On the 18th day of May A.D., 1990, in Liberty County, Texas, I did then and there knowingly and intentionally appropriate property, by acquiring and exercising control over property, to-wit: Radio Stereo, Stamps and Holder, Box of Pens, Calculator, Money Orders, Traveler's Express, Personal Check # 2714, Ice Pick, Envelopes and Paper, Business Cards, One Can Beanee Weenee, One Coke, of the value of Two Hundred Dollars ($200.00) or more but less than Seven Hundred and Fifty Dollars (750.00) [sic], from Luman Cox, the owner thereof, without the effective consent of the owner and with the intent to deprive the owner of said property,

The presiding judge in the county court at law assessed the punishment at a fine of $0 and 60 days confinement in the Liberty County Jail. Very briefly put, I think the case of *Grady v. Corbin, supra*, would be a controlling precedent. That case was decided May 29, 1990, and in substance the United States Supreme Court held that the Double Jeopardy Clause of the Fifth Amendment of the Federal Constitution bars a subsequent prosecution where the prosecutors in order to establish an essential element of an offense charged in that subsequent prosecution will prove conduct that constitutes an offense for which the Appellant has already been prosecuted.

An exception might exist to this holding where the prosecution was simply unable to proceed on the more serious charge at the outset because certain additional facts necessary to sustain the more serious and heinous charge either had not occurred or had not been discovered. I conclude that such an exception is not appropos in this appeal because the prosecutor must have known about the pertinent facts and information inasmuch as the affiant swore to the facts of the theft on the 1st day of June 1990, before an attorney for the State. Furthermore, the stipulations of evidence above referred to was sworn to by the Appellant on June 13, 1990. The crucial test was what conduct the prosecutors will prove rather than the evidence that the State would use to prove that conduct.

The Supreme Court observed that the test or criteria set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), was that the double jeopardy clause prohibits successive prosecutions for the same criminal act or transaction under two different criminal statutes whenever each statute does not require proof of a fact which the other statute does not require.

A more understandable statement of the rule in *Blockburger* is the following quote:

Each of the offenses created requires proof of a different element. The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

This test is the first step in determining whether subsequent prosecutions are barred; but this test is not an exclusive or exhaustive test or definition of the term "same offense" as used in the double jeopardy clause.

When *Grady* was handed down in a five to four decision, Justice Brennan and Justice Marshall were aligned with the majority. These justices are no longer on the Court. There was a vigorous dissent filed by Justice O'Connor and a second vigorous dissent filed by Justice Scalia, with whom Chief Justice Rehnquist and Justice Kennedy joined. Frankly, I think the question or issue is a close one. I quote as follows:

Justice Brennan delivered the opinion of the Court [in *Grady* ].

We have long held, see *Blockburger v. United States*, 284 US 299, 304, 76 L Ed 306, 52 S Ct 180 [182] (1932), that the Double Jeopardy Clause of the Fifth Amendment [footnote omitted] prohibits successive prosecutions for the same criminal act or transaction under two criminal statutes whenever each statute does not "requir[e] proof of a fact which the other does not." In *Illinois v. Vitale*, 447 US 410, 65 L Ed 2d 228, 100 S Ct 2260 (1980), we suggested that even if two successive prosecutions were not barred by the Blockburger test, *the second prosecution would be barred if the prosecution sought to establish an essential element of the second crime by proving the conduct for which the defendant was convicted in the first prosecution. Today we adopt the suggestion set forth in Vitale. We hold that the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted.* (emphasis added)

I think Appellant's conduct in each case was the paramount criteria. Rice has been prosecuted twice for the same conduct. I think that the proof of common conduct was that in the theft matter the Appellant knowingly and intentionally appropriated property and exercised control over the property being the individual corporeal personal property items, without the effective consent of the owner, Luman Cox, and with the intent to deprive that owner of the said property.

The case at bar alleges that the Appellant did then and there knowingly and intentionally without the effective consent of Luman Cox, the owner thereof, enter a building, not then and there open to the

public, with the intent to commit theft. The intent and essential actions and conduct were the same or virtually the same in these criminal prosecutions. The first misdemeanor theft prosecution was based on conduct which proved the offense of theft. The prosecution proved a second time Rice's conduct of the offense of theft to establish an essential element of the second prosecution.

The same vital issues, evidence and conduct used to convict the Appellant of the theft offense have been reproved in the burglary offense. The Appellant has already been convicted for the crucial conduct that was a necessary element in the conviction of theft offense. Hence, to allow the State to use the same evidence, actions and conduct to convict the Appellant with the present offense of burglary of a building would constitute double jeopardy. I think that the trial court was in error to deny the Appellant's motion.

*The Double Jeopardy Issue Revisited*

The prosecution proved the same conduct in the burglary case as it did in the prior county court at law theft case in order to prove to the fact-finders that Rice had the necessary and essential intent to commit theft when he entered the closed building in connection with the State's prosecution in the district court of the State's burglary case. The thefts of the same items of personal property were acts of conduct. Clearly, this conduct was the same conduct inasmuch as the same items in the theft case were shown to have been stolen in the burglary case. Also these items were the same items over which Rice exercised dominion.

Exercising dominion is likewise conduct. The theft and the burglary took place at the same time and at the same place. Analyzing and looking at Rice's underlying conduct involving theft, I necessarily would determine that Rice's conduct of taking and exercising dominion of the several items was definitely conduct constituting a theft offense (therefore, "criminal conduct"); secondly, Rice has already been prosecuted, adjudged guilty and punished for this theft offense; and thirdly, this "criminal conduct" of theft was actually used to establish an essential element of the offense of burglary charged in the subsequent prosecution. *Ex parte Ramos*, 806 S.W.2d 845 (Tex.Crim.App.1991).

Since the Court affirms the conviction in this subsequent prosecution, I must respectfully dissent.