Loletta Ann COTTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–91–00155–CR.

Court of Appeals of Texas, Tyler.

July 31, 1992.

---

Barbara L. Law, Texas Dept. of Criminal Justice, Inmate Legal Services, Huntsville, for appellant.

Amy Blalock, Asst. Dist. Atty., Tyler, for appellee.

BILL BASS, Justice.

Loletta Cotton appeals from a denial of her application for a writ of habeas corpus based on the double jeopardy doctrine. Cotton had been convicted of speeding and possession of drug paraphernalia and attempted to foreclose the further prosecution of another offense, possession of marijuana arising out of the same incident. We find that the prosecution of possession of marijuana will not violate Cotton's protection against double jeopardy and, accordingly, we affirm the judgment of the trial court.

A Texas Department of Public Safety trooper observed Cotton driving her automobile on Interstate Highway 20 in excess of 100 miles per hour. The officer stopped Cotton, issued her a citation, and noticed that she had dropped a yellow makeup purse while she was standing outside the vehicle. The officer opened the purse and found marijuana and rolling papers inside. He arrested her for possession of marijuana. The officer also issued Cotton a citation for speeding and possession of drug paraphernalia.

The District Attorney's office of Smith County charged Cotton by complaint and information, alleging that she had committed the misdemeanor offense of possession of marijuana. Cotton had already been convicted of the two other offenses and now she challenges the State's attempt to prosecute her for the possession of marijuana offense.

In her four points of error, Cotton essentially makes the same argument. She contends that because of the two convictions, the State should be prevented from prosecuting her for possession of marijuana which arose out of the same facts and circumstances.

 In point of error one, Cotton maintains that the possession of marijuana prosecution should be barred on double jeopardy grounds because she has already been convicted of the lesser included offense of possession of drug paraphernalia. The double jeopardy doctrine prohibits a conviction for both greater and lesser included offenses committed during one criminal episode. *Brown v. Ohio*, 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187 (1977). In *Brown*, the Supreme Court reiterated the *Blockburger* test to determine whether two offenses are to be considered the same for double jeopardy purposes: "whether each provision requires proof of an additional fact which the other does not." *Id.* at 166, 97 S.Ct. at 2225, quoting *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Furthermore, in *Jones v. State*, the Texas Court of Criminal Appeals stated that the relevant test is whether the lesser offense could be proved by the same facts necessary to establish the offense charged. *Jones*, 586 S.W.2d 542, 545 (Tex.Cr.App. 1979). The TEXAS CODE OF CRIMINAL PROCEDURE also defines a lesser included offense:

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a lesser culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX.CRIM.PROC.CODE ANN. art. 37.09 (Vernon 1981).

The offense of possession of drug paraphernalia is not a lesser included offense of possession of marijuana under *Blockburger*, *Jones*, or article 37.09. To obtain a conviction for a paraphernalia offense, the State must prove that a "person knowingly or intentionally uses or possesses with intent to use drug paraphernalia ... to inject, ingest, inhale, or otherwise introduce into the human body a controlled substance...." TEX.HEALTH & SAFETY CODE ANN. § 481.125(a) (Vernon 1989). The State need not prove possession of a usable quantity of marijuana, which is required for the drug possession offense. *Id.* at § 481.121(a) (Vernon 1989). Each offense requires the proof of a fact that the other does not. And since the seriousness or risk of injury is not a factor in either offense, then art. 37.09(2) of the TEXAS CODE OF CRIMINAL PROCEDURE does not apply. Articles 37.09(3) and 37.09(4) likewise do not apply. Point of error one is overruled.

In point of error two, Cotton urges us to find that the further prosecution would violate her right against double jeopardy as enunciated in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). In *Grady*, the Supreme Court provided a two-step double jeopardy inquiry. First the two offenses must not have identical statutory elements or one be the lesser included offense of the other. *Id.* 110 S.Ct. at 2090. To survive this first step, essentially the *Blockburger* test, each offense must "require proof of a fact which the other [does] not." *Grady*, 110 S.Ct. at 2090, quoting *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). We have already concluded in the discussion for point of error one that the offenses in question are not the same statutorily, and one is not the lesser included offense of the other.

For the second step, *Grady* states that the double jeopardy doctrine also bars "any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady*, 110 S.Ct. at 2093. Looking prospectively, if the State must rely on *conduct* in the drug possession trial that would constitute either of the offenses of speeding or possession of drug paraphernalia, then the drug possession prosecution should be barred. The critical inquiry is what *conduct* the State will prove, not the evidence the State will use to prove that conduct. *Id.* Furthermore, it was Cotton's burden to prove that the State would rely on such conduct. *State v. Torres*, 805 S.W.2d 418, 421 (Tex. Cr.App.1991); *State v. Jureski*, 820 S.W.2d 237, 239 (Tex.App.—Tyler 1991, no writ).

The Court of Criminal Appeals recently restated the *Grady* standard to be used in determining whether the conduct to be proved in the subsequent trial would be considered the "same conduct" for double jeopardy purposes.

> [W]e must look at the underlying conduct in question to determine whether: (1) this is conduct constituting an offense (hence, "criminal conduct"); (2) the defendant has already been prosecuted for this offense; and (3) this "criminal conduct" will be used to establish an essential element of the offense charged at the subsequent prosecution. Only if the conduct meets all three parts of this test will the latter prosecution be barred by double jeopardy.

*Ex Parte Ramos*, 806 S.W.2d 845, 847 (Tex. Cr.App.1991). The focus is whether the State will be required to prove conduct constituting an offense for which Cotton has already been prosecuted, in order to successfully prove up the marijuana prosecution. *Inglehart v. State*, 837 S.W.2d 122, 128 (Tex.Cr.App.1992).

The trial court conducted a habeas corpus hearing in which the DPS trooper and Cotton herself testified as to the events leading up to her arrest. The DPS trooper testified that he asked Cotton to exit her vehicle and when she did, he noticed her

"withdraw" a purse. When she refused to move to the other side of the car at the trooper's request, the trooper went over to her and discovered that Cotton had dropped the purse on the side of the road. He found the purse by the left front tire of the car. Inside the purse the trooper found the marijuana and the rolling papers.

The State argued during the hearing that it did not intend to use the speeding or paraphernalia conduct in order to prove possession of marijuana. We see no *necessity* for the State, in order to prove the essential elements of possession of marijuana, to prove Cotton's speeding conduct or possession of a drug paraphernalia conduct.

Cotton further contends that the State must prove the conduct constituting the speeding offense in order to show probable cause for stopping her vehicle. Cotton fails to distinguish the *evidence* the State may use to show probable cause from the *conduct* that the State must prove in the second trial necessary to establish the essential elements of the offense. *Grady,* 110 S.Ct. at 2093. "[T]he presentation of specific evidence in one trial does not forever prevent the government from introducing that same evidence in a subsequent proceeding." *Id.* Even if the State were required to prove the speeding conduct to show it had probable cause to make the stop, it will not do so for the purpose of proving an essential element of the possession of marijuana offense, which is the limitation imposed by *Grady. State v. Remsing,* 829 S.W.2d 400, 403 (Tex.App.—Austin 1992, no writ); *Cooper v. State,* 828 S.W.2d 565, 566 (Tex.App.—Houston [14th Dist.] 1992, no writ).

We conclude that Cotton did not meet her burden to prove that the State, in the second trial, *must* rely on conduct that constitutes either offense for which Cotton had already been prosecuted. Point of error two is overruled.

In her final two points of error, Cotton maintains that since the State failed to consolidate the prosecution of all three offenses, then it is barred on double jeopardy grounds from prosecuting the possession of marijuana offense. Cotton argues that the Texas Constitution affords greater double jeopardy protection than does the U.S. Constitution. She cites no authority for that proposition, except for reliance on the carving doctrine, which has been abolished in Texas. *Ex Parte McWilliams,* 634 S.W.2d 815, 822 (Tex.Cr.App.1982). Furthermore, the State was permitted, but not required, under the TEXAS PENAL CODE, to consolidate the prosecutions of the three offenses. TEX.PENAL CODE ANN. § 3.02(a) (Vernon 1974). Points of error three and four are overruled.

We affirm the trial court's judgment.