Ex parte Linton Dwight CAMPBELL.

No. 2–92–081–CR.

Court of Appeals of Texas,
Fort Worth.

. Nov. 18, 1992.

Michael Logan Ware, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and Mark Stephens, Asst., Fort Worth, for appellee.

Before HILL, FARRIS and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

This is an appeal from the trial court's denial of the relief requested in Campbell's pretrial Application for Writ of Habeas Corpus based on a claim of double jeopardy.

We affirm.

On May 26, 1991, Campbell was arrested for public intoxication. Once at the police station, the arresting officer observed Campbell fidgeting with his right pants' pocket. Based upon this conduct, the officer had Campbell turn the pocket inside out, revealing a vial of white powdery substance. Two straws containing what appeared to be the same substance were also found on Campbell. Campbell was issued a citation for public intoxication and entered a plea of guilty to that offense.

Campbell was subsequently indicted for possession of a controlled substance, namely, cocaine, of less than twenty-eight grams, including any adulterants and dilutants (hereinafter referred to as "possession"). On March 5, 1992, Campbell filed a pretrial Application for Writ of Habeas Corpus in the trial court asserting that prosecution for the possession offense would violate his right to be free from double jeopardy. This appeal was taken from the trial court's denial of the relief requested in that writ.

### Points of Error

■ In his first point of error, Campbell asserts that his federal constitutional double jeopardy protection will be violated if he is prosecuted for the possession offense following his conviction for public intoxication. His second point of error presents a similar argument, except that it is grounded in the state constitution.[1] Although we are somewhat confused by Campbell's apparent concession that "[t]he legal arguments and authorities are likewise very similar [to those briefed under point of error number one]," we recognize he is asserting that the Texas Constitution affords him greater rights than those granted under the United States Constitution. *See Heitman v. State,* 815 S.W.2d 681, 690 (Tex.Crim.App.1991). However, we observe that the court of criminal appeals has not distinguished the two constitutional provisions when previously analyzing double jeopardy claims. *See, e.g., Sorola v. State,* 769 S.W.2d 920, 922 (Tex. Crim.App.), *cert. denied,* 493 U.S. 1005, 110 S.Ct. 569, 107 L.Ed.2d 563 (1989); *Torres v. State,* 614 S.W.2d 436, 438 (Tex.Crim.App. [Panel Op.] 1981). Moreover, in the instant case, we do not find Campbell's argument in support of a distinction persuasive. Campbell relies on TEX.CODE CRIM.PROC. ANN. art. 38.23 (Vernon Supp.1992) to assert that his more expansive state constitutional double jeopardy right will be violated if the State proves the conduct constituting the public intoxication offense in order to show probable cause for the search that revealed the cocaine. However, this argument and the reliance on article 38.23 are clearly misplaced because probable cause is not an element of the possession offense. *See* TEX.HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.115(a) (Vernon 1992). The manner in which probable cause will be proven is not relevant in our determination of whether Campbell's double jeopardy right was violated. *See State v. Remsing,* 829 S.W.2d 400, 403 (Tex.App.—Austin 1992, pet. ref'd). As such, we will address points one and two together, relying on both federal and state authority in disposing of Campbell's claim.[2]

In reviewing a double jeopardy claim, the test enunciated in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), is generally the first step in our analysis. *Ex parte Ramos,* 806 S.W.2d 845, 847 (Tex.Crim.App.1991). However, Campbell does not assert that his prosecution is barred under *Blockburger;* instead, he relies solely on *Grady v. Corbin,* 495 U.S. 508, 516, 110 S.Ct. 2084, 2090, 109 L.Ed.2d 548, 561 (1990). Furthermore, our comparison of the two offenses in the abstract reveals that each requires proof of an additional fact which the other does not. *Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309; *Ramos,* 806 S.W.2d at 847. Consequently, we will focus our analysis on the second test, established in *Grady,* to determine whether Campbell's double jeopardy right will be violated if prosecuted for possession.

■ In *Grady,* the Supreme Court stated that:

> We hold that the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted.

*Grady,* 495 U.S. at 510, 110 S.Ct. at 2087, 109 L.Ed.2d at 557. The court of criminal appeals has interpreted *Grady* to mean that we must look at the underlying conduct in question to determine whether: (1) it is "criminal conduct" (meaning conduct constituting an offense); (2) the defendant has already been prosecuted for this "criminal conduct"; and (3) this "criminal conduct" will be used to establish an "essential element" of the offense charged at the subsequent prosecution. In making this inquiry, the focus is on the conduct itself, not how the State proves the conduct. Fi-

---

1. The specific constitutional provisions are: U.S. CONST. amend. V, and TEX. CONST. art. 1, § 14.

2. In a recent opinion, the court of criminal appeals followed reasoning similar to ours in deciding not to distinguish between U.S. CONST. amend. IV, and TEX. CONST. art. I, § 9, for purposes of their analysis in that case. *See Santikos v. State,* 836 S.W.2d 631, 632 n. 1 (Tex.Crim. App.1992) (opinion on reh'g).

nally, the court cautioned that only if the conduct meets all three parts of this test will the latter prosecution be barred by double jeopardy. *Ramos,* 806 S.W.2d at 847.

In reviewing the instant case under the *Ramos* three-prong test, we find that the first prong is satisfied. The underlying conduct here was Campbell's "appear[ing]" in a public place under the influence of alcohol or any other substance, to the degree that [he] may endanger himself or another." TEX.PENAL CODE ANN. § 42.08(a) (Vernon 1989). This is "criminal conduct" since it constitutes an offense under the Penal Code. The second prong is also satisfied because Campbell was prosecuted for public intoxication, pled guilty, and was convicted.

However, we are not convinced that the third prong is satisfied because none of the "criminal conduct" necessary to establish public intoxication could be used to establish any "essential element" of a prosecution for possession. The question is what conduct the State will prove, not what evidence the State will use to prove that conduct. *Ramos,* 806 S.W.2d at 847. Accordingly, we do not find Campbell's argument that the State is "implicitly" intending to use the conduct of public intoxication to prosecute the possession offense persuasive.[3]

The "essential elements" of the possession offense are that Campbell "knowingly or intentionally possess[ed] a controlled substance [such as cocaine]." TEX.HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D), 481.-115(a). Consequently, the State will not be able to use Campbell's former conduct of "appear[ing] in a public place under the influence of alcohol or any other substance, to the degree that [he] may endanger himself or another" to establish the possession offense. *See* TEX.PENAL CODE ANN. § 42.-

08(a); *State v. Comerford,* 812 S.W.2d 668, 669–70 (Tex.App.—Amarillo 1991, no pet.). Campbell seems to believe that since the cocaine was discovered while he was under arrest for public intoxication, his public intoxication somehow becomes an "essential element" of the possession offense. However, we do not view *Grady* as requiring that result. *See Kvetinskas v. State,* 809 S.W.2d 914, 915 (Tex.App.—Houston [14th Dist.] 1991, no pet.). Thus, the State's prosecution of Campbell for the possession offense is not barred by double jeopardy. *See Ramos,* 806 S.W.2d at 847.

Accordingly, we overrule Campbell's points of error and affirm the judgment of the trial court denying the relief requested in his Application for Writ of Habeas Corpus.

---

3. We need not address independently the cases Campbell cites as authority for this argument, *Burke v. State,* 811 S.W.2d 209 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd); *Leman v. State,* 807 S.W.2d 408 (Tex.App.—Houston [14th Dist.] 1991, pet. granted); *Parrish v. State,* 807 S.W.2d 411 (Tex.App.—Houston [14th Dist.] 1991, pet. granted), because we do not believe they support the inference he extracts that the State is "implicitly conceding its intention" to use the

public intoxication conduct. Moreover, the two offenses in the instant case require proof of such different conduct that no overlap can exist. *See Leman,* 807 S.W.2d at 410 (double jeopardy was not raised because nothing indicates the State cannot prove the subsequent offense without relying on conduct used to prove the offense for which defendant had already been convicted).