Barbara Law, Texas Dept. of Criminal Justice, Inmate Legal Services, Huntsville, for appellant.

Amy Blalock, Asst. Dist. Atty., Tyler, for appellee.

**Ex parte Guy Richard JOHNSON.**

No. 12–91–00083–CR.

Court of Appeals of Texas, Tyler.

Nov. 24, 1992.

COLLEY, Justice.

### PART I

This is a double jeopardy case. Applicant/Appellant Guy Richard Johnson appeals from the trial court's denial of the relief he sought by writ of habeas corpus. The issue here presented is whether the double jeopardy clause of the Fifth Amendment or the provisions of TEXAS CONSTITUTION art. I, § 14, bar the prosecution of Appellant for the misdemeanor offense of driving while intoxicated ("DWI"). We hold that they do not and affirm the judgment.

### PART II

An evidentiary hearing was conducted by the trial court on the writ. The undisputed facts divulged at that hearing reveal: That Appellant, on April 22, 1990, driving a motor vehicle, turned west onto Interstate 20 at its intersection with U.S. Highway 69. Lindale Police Officer Randy Hammontree

was in his patrol car in traffic at the intersection. When Appellant turned onto the ramp leading to I–20, he drove in front of the patrol car. Officer Hammontree pursued Appellant, stopping him "about two miles" from that intersection. The officer testified that because he had observed that Appellant "was making the [left] turn at a faster than normal speed ..., he followed Appellant's car and stopped him," after observing him weave across the lane stripes. The witness said that after the stop, he asked to see Appellant's drivers license, "smelled the odor of an alcoholic beverage" and then asked Appellant to "step out" of his car. Hammontree testified that he then performed "several little sobriety tests," after which he arrested Appellant and charged him with failure to drive in a single lane and with the offense of DWI.

The record shows that Appellant pled guilty to the traffic offense by paying a fine on May 2, 1990. Later, on June 1, 1990, an assistant district attorney of Smith County filed a complaint and information against Appellant in the County Court of Law of Smith County, Texas, charging him with a misdemeanor DWI, alleged to have been committed on the 22nd day of April, 1990.

It is plain that the traffic offense and the DWI charge arise out òf the same transaction, or "criminal episode" as that latter term is defined in TEX.PENAL CODE ANN. § 3.01(1) (Vernon Supp.1992).[1]

## PART III

Appellant, by four points of error, argues that the trial court erred in denying him the habeas relief he sought, namely that the double jeopardy provisions of the Fifth Amendment to the UNITED STATES CONSTITUTION and TEX.CODE CRIM.PROC.ANN. art. 1.10[2] (Vernon 1977) bar the prosecution of the DWI because Appellant was finally convicted of the "lesser" traffic offense.

1. Hereinafter called section 3.01.

### FIRST POINT OF ERROR

Appellant argues that the double jeopardy clause of the Fifth Amendment and Article I, section 14 of the TEXAS CONSTITUTION each bars the prosecution of the DWI case (trial court cause no. 88,317) because that prosecution "would relitigate" the factual issues ànd "conduct" for which he had already been prosecuted and convicted in the traffic offense. In support of this point, Appellant cites *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), and *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Appellant claims that his prosecution for and conviction of the traffic offense necessarily constitutes "the probable cause to stop and detain him," resulting in his arrest for the DWI. So he advances the argument that to establish his guilt in the DWI prosecution, the State *would* necessarily prove "conduct" that constituted the traffic offense for which he has already been prosecuted.

### SECOND POINT OF ERROR

Appellant argues that the "evidence is insufficient to show that [he] was legally held upon the complaint and information for the [DWI offense]." In support of this contention, Appellant cites *Ex parte Treloar*, 527 S.W.2d 531 (Tex.Cr.App.1975), and TEX.CODE CRIM.PROC.ANN. art. 11.40 (Vernon 1977). He also claims that the prosecutor made an improper, unenforceable ex parte stipulation at the hearing, that the State in the prosecution of the DWI offense would prove conduct of Appellant other than Appellant's failure to drive in a single lane, in order to establish probable cause for the traffic stop which led to the accusation of DWI.

### THIRD POINT OF ERROR

Appellant argues that the trial judge misconstrued *Grady v. Corbin*, in denying the habeas relief Appellant sought as demonstrated by the trial judge's remarks near the close of the hearing: "Isn't that what

2. Identical to the language of TEXAS CONSTITUTION, Article I, section 14.

the *Grady* case said? Didn't it tell the State they could [have used] uncharged conduct ... they can't bring the weaving in. That is double jeopardy. The weaving is not going to be admissible *if this case goes to trial.*" (Emphasis added.)

## FOURTH POINT OF ERROR

Appellant argues that since he has already been prosecuted for the traffic offense which arises out of the same "criminal episode," double jeopardy now bars his prosecution for the DWI offense because it "should have been consolidated into one trial" under TEX.CODE CRIM.PROC.ANN. art. 27.05 (Vernon 1989). By this argument, Appellant implicitly contends that the County Court at Law of Smith County had jurisdiction of the traffic offense prosecuted in the municipal court of Lindale, Smith County, Texas, and thus, argues that under sections 3.01 and 3.02(a), TEX.PENAL CODE ANN. (Vernon 1974), that that offense could have been consolidated for trial with the DWI in the County Court at Law, citing to *dictum* in *Grady v. Corbin,* 495 U.S. at 524, 110 S.Ct. at 2095.

## PART IV

■ A. We first address Appellant's argument under his second point of error. Considering the argument, and Appellant's citation of *Ex parte Treloar,* we are persuaded that the point is irrelevant because the core of the relief sought in the trial court was a ruling *that double jeopardy barred the prosecution of the DWI offense, not merely that he was illegally restrained of his freedom.* Moreover, the complaint and information constituting the accusation against the Appellant of DWI were in fact introduced by the Appellant, and constituted irrefutable evidence that he was properly charged and legally held for that offense. Appellant also argues that the prosecutor's purported "stipulation" that at the trial of the DWI, the State, in order to establish probable cause for the traffic stop, would use only the evidence of Appellant's speedy left turn in front of Officer Hammontree was not binding or authorized under any statute or rule.

Hence, Appellant says that the State could not use this device to remove jeopardy's protection against the DWI prosecution. We reject that argument simply because the record does not support it. The prosecutor made no such stipulation.

■ B. Next, we consider Appellant's fourth point of error under which he maintains that he "should have been prosecuted for both offenses in a single cause," that is, in "one trial." We first note that, contrary to his argument, the Smith County Court at Law does not have jurisdiction of the traffic offense because under TEX.CODE CRIM. PROC.ANN. art. 4.14 (Vernon Supp.1992), the municipal court of the City of Lindale *has exclusive jurisdiction over such offenses which clearly arise "under the ordinances of such city," and the Appellant has not shown that the maximum fine for such offense exceeds $500.00.* The argument is patently unmeritorious, and we reject it.

C. Now we consider and discuss the arguments advanced by the Appellant under his first and third arguments, wherein he claims that the jeopardy clause of the Fifth Amendment and TEXAS CONSTITUTION art. I, § 14, bar the prosecution of the DWI. Essentially, Appellant argues that at the trial of the DWI case, the State must necessarily relitigate the factual issues already resolved *against him,* that is, he was prosecuted and convicted for the conduct "that gives rise to the probable cause to stop and detain him, leading to his arrest for [DWI] ...," thus violating jeopardy's rule in *Grady v. Corbin.* Appellant also argues that the State cannot avoid his claim of jeopardy by using his conduct in making a fast left turn to supply or establish probable cause authorizing the officer to detain and stop him, on the grounds that such conduct amounted to "an uncharged offense." We reject those arguments.

The Texas Court of Criminal Appeals construed *Grady* in *Ex parte Ramos,* 806 S.W.2d 845, 847 (Tex.Cr.App.1991), and just recently followed *Ramos* in *Ex parte Inglehart,* 837 S.W.2d 122, 128 (Tex.Cr.App. 1992). In *Ramos,* the court said that a reviewing court must examine the

[U]nderlying conduct in question to determine whether: (1) there is conduct constituting an offense . . .; (2) the defendant has already been prosecuted for the offense; and (3) this 'criminal conduct' will be used to establish an essential element of the offense charged at the subsequent prosecution.

*Ex parte Ramos*, 806 S.W.2d at 847.

The Court then wrote that "[o]nly if the [underlying] conduct meets all three parts of this test will the [subsequent] prosecution be barred by double jeopardy." *Id.*

It is undisputed that the traffic offense and the DWI offense are not the same offense, and that neither one is a lesser included offense of the other. Hence, the prosecution of the DWI offense is not barred under the rule of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). It is likewise clear, that Appellant was finally *convicted* of the traffic offense so *Ashe v. Swenson* affords no relief for Appellant. Therefore, Appellant's case on appeal rests solely on the decision of *Grady v. Corbin. Grady's* rule, as applied here, is that "the Double Jeopardy Clause bars a subsequent prosecution if, *to establish an essential element of [the DWI] prosecution, the [State] will prove conduct that constitutes an offense for which the defendant has already been prosecuted." Grady,* 495 U.S. at 510, 110 S.Ct. at 2087 (emphasis added).

 Clearly, *Grady's* jeopardy rule is not applicable to Appellant's conduct in "failing to drive in a single lane" which violated the city ordinance because that conduct does not constitute "an essential element" of the DWI offense [3] for which Appellant is being prosecuted in this case. *See also Ex parte Ramos*, 806 S.W.2d at 847. That is true, notwithstanding the obvious fact that such conduct may constitute persuasive evidence of Appellant's guilt of the DWI. *Cf. Cotton v. State*, 836 S.W.2d 757, 759–60 (Tex.App.—Tyler 1992, no pet.); *see also State v. Remsing*, 829 S.W.2d 400 (Tex.App.—Fort Worth 1992, no pet. h.).

**3.** TEX.REV.CIV.STAT.ANN. art. 6701*l*-1(b) (Vernon Supp.1992) provides that a person commits the offense of DWI "if the person is intoxicated

For this reason alone, double jeopardy as explained in *Grady* and *Ex parte Ramos* does not bar the prosecution of Appellant for the DWI offense. The trial court did not err in denying the relief sought. Appellant's points of error are overruled, and the judgment of the trial court is affirmed.

while driving or operating a motor vehicle in a public place."